Jeffrey J. Angelovich (*pro hac vice*)
jangelovich@nixlaw.com
Michael B. Angelovich (*pro hac vice*)
mangelovich@nixlaw.com
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building I, Suite 500
Austin, Texas 78746
Telephone: 512.328.5333

Robert E. Linkin (*pro hac vice*)
J. David Rowe (*pro hac vice*)
rlinkin@munckwilson.com
drowe@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy, Building II
Suite 300
Austin, Texas 78746
Telephone: 737.201.1600

Jason A. McNeill (9711)
mcneill@mvmlegal.com
Christopher M. Von Maack (10468)
vonmaack@mvmlegal.com
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Plaintiff
[Additional counsel listed on signature page]

---

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JULIE O'SHAUGHNESSY, individually, and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS, MARY YOUNG, and JARED TURNER,**<br><br>**Defendants.** | **PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br><br><br>**Case No. 2:20-cv-00470-HCN-JCB**<br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Cecilia M. Romero** |

Plaintiff Julie O'Shaughnessy ("Plaintiff") respectfully moves this Court to end Defendant Young Living Essential Oils, LC's ("Defendant") discovery gamesmanship and dilatory tactics by ordering Defendant to—finally—produce necessary and long-requested documents and data.

Plaintiff served her third discovery requests (Exhibit A) on February 14, 2023. Defendant has delayed, demurred and obfuscated ever since. It served erroneous objections and evasive non-responses—without responsive documents (Exhibit B)—on March 16th. The litany of defects therein vastly exceeds this motion's allowable word count and is detailed in Plaintiff's April 5th deficiency letter (Exhibit C). Defendant responded (Exhibit D) on April 9th.

Numerous email exchanges and calls over the next months, including a three-hour meet-and-confer on June 6th, yielded more empty promises and delay. To avoid this filing, Defendant began producing "low hanging fruit" in late May and assured it would "substantially complete" robust "rolling" productions of all responsive materials by June 19th. *See, e.g.*, ECF Nos. 203 & 205.[1]

It definitively did not.

Rather, Defendant still has not produced critical materials responsive to at least:

| Request Nos. | Exemplary Missing Materials |
|---|---|
| 2 | Cost of Goods Sold by product |
| 3, 28 | Products sold and sales price; starter kit materials |
| 11-12, 24 | Underlying financial/income data, policies, statements |
| 13, 16, 34 | Marketing Materials linked in communications |
| 14-15 | Content for calls, conventions, meetings |
| 18 | Repurchase data |
| 21, 35 | Member vs. non-member and direct/end-user/consumer product sales data, receipts, records |
| 22, 31, 38-39 | Wholesale vs. retail sales/prices; sales tax; supply/demand, inventory data |
| 25-27 | Class Member name/ID records |
| 37 | Compliance policies |

---

[1] *See also* Exhibit E (June 8th J. Kelley correspondence).

Defendant also continues to wrongfully: (1) withhold *all* its admittedly relevant internal communications as purportedly irrelevant to class certification;[2] and (2) claim privilege, without a privilege log, that it waived by expressly putting the advice of its counsel at issue, *see* Exhibit C at 29-31, or amend its answer to withdraw its claim of reliance on advice of counsel.[3]

WHEREFORE, Plaintiff asks the Court to overrule Defendant's objections and compel it to produce all responsive documents and data.

DATED: June 30, 2023                    Respectfully submitted,


By: */s/ J. David Rowe*
Jason A. McNeill (9711)
Christopher M. Von Maack (10468)
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464
mcneill@mvmlegal.com
vonmaack@mvmlegal.com

Jeffrey J. Angelovich (*pro hac vice*)
Michael B. Angelovich (*pro hac vice*)
Cody L. Hill (*pro hac vice*)
Austin Tighe (*pro hac vice*)
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building I, Suite 500
Austin, Texas 78746
Telephone: 512.328.5333
jangelovich@nixlaw.com
mangelovich@nixlaw.com
codyhill@nixlaw.com
atighe@nixlaw.com

---

[2] Communications to the highest ranks are relevant to class certification when disseminated downline. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014). As are internal communications regarding policies, prices, etc. *See Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 500 (M.D. Tenn. 2019).

[3] After expressly waiving its privilege claims by pleading advice-of-counsel as an affirmative defense and expressly pointing to such advice in its discovery responses, *see* Exhibit B at 27, 29, Defendant took the flawed position that it could withdraw its waiver. *See* Exhibit D at 16. Defendant is wrong. *See* Exhibit C at 29-31 (collecting cases). But even if it weren't, it still has *not* amended its Answer or responses to withdraw its express claim, nor ever supported any of its privilege claims with a log, as required.

Susan Whatley (*pro hac vice*)
**NIX PATTERSON, LLP**
P.O. Box 178
Linden, Texas 75563
Telephone: 903.215.8310
swhatley@nixlaw.com

Ashton B. Poarch (*pro hac vice*)
**NIX PATTERSON, LLP**
512 N. Broadway, Suite 200
Oklahoma City, OK 73107
Telephone: 405.516.7800
apoarch@nixlaw.com

Robert E. Linkin (*pro hac vice*)
J. David Rowe (*pro hac vice*)
Jenifer C. Wallis (*pro hac vice*)
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy
Building. II, Suite 300
Austin, Texas 78746
Telephone: 737.201.1600
rlinkin@munckwilson.com
drowe@munckwilson.com
jwallis@munckwilson.com

*ATTORNEYS FOR PLAINTIFF*
Julie O'Shaughnessy, Individually, and on
Behalf of All Others Similarly Situated

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 30, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

By: */s/ J. David Rowe*
　　J. David Rowe

## CERTIFICATE OF CONFERRAL

On June 6th undersigned counsel (along with co-counsel) met and conferred with counsel for Defendant via teleconference regarding the matters addressed herein. Additionally, on May 15th, 16th, 19th, and June 8th, 9th, 13th, 19th, and 22nd, undersigned counsel conferred with regard to the matters addressed herein via written communication but have not yet been able to resolve these matters.

By: */s/ J. David Rowe*
　　J. David Rowe

EXHIBIT A

Austin Tighe (*pro hac vice*)
atighe@nixlaw.com
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building I, Suite 500
Austin, Texas 78746
Telephone: 512.328.5333

Robert E. Linkin (*pro hac vice*)
rlinkin@munckwilson.com
J. David Rowe (*pro hac vice*)
drowe@munckwilson.com
Jenifer C. Wallis (*pro hac vice*)
jwallis@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy, Building II
Suite 300
Austin, Texas 78746
Telephone: 737.201.1600

Jason A. McNeill (9711)
mcneill@mvmlegal.com
Christopher M. Von Maack (10468)
vonmaack@mvmlegal.com
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JULIE O'SHAUGHNESSY, individually, and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS,**<br><br>    **Defendant.** | **PLAINTIFF'S THIRD SET OF DISCOVERY REQUESTS**<br><br><br><br>**Case No. 2:20-cv-00470-HCN-JCB**<br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Jared C. Bennett** |

## PLAINTIFF JULIE O'SHAUGHNESSY'S
## THIRD SET OF DISCOVERY REQUESTS TO YOUNG LIVING ESSENTIAL OIL LC

**TO:   Defendant YOUNG LIVING ESSENTIAL OILS, LC
        D/B/A YOUNG LIVING ESSENTIAL OILS**

Plaintiff Julie O'Shaughnessey, pursuant to the Federal Rules of Civil Procedure, hereby requests Defendant Young Living Essential Oils, LC D/B/A Young Living Essential Oils within thirty (30) days of service hereof, answer or respond to separately and fully, in writing, under oath, each of the following Discovery Requests.

Respectfully submitted,

**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building I, Suite 500
Austin, Texas 78746
(512) 328-5333 (telephone)
Austin Tighe
State Bar No. 20023900
atighe@nixlaw.com

**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy, Building II
Suite 300
Austin, Texas 78746
Telephone: 737.201.1600
Robert E. Linkin
State Bar No. 00795773
rlinkin@munckwilson.com
J. David Rowe
State Bar No. 00794564
drowe@munckwilson.com
Jenifer C. Wallis (*Pro Hac Vice*)
jwallis@munckwilson.com

By: /s/ J. David Rowe
    **J. DAVID ROWE**

**ATTORNEYS FOR PLAINTIFF
Julie O'Shaughnessy, Individually, and on
Behalf of All Others Similarly Situated**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing is being served on the following by electronic service on this 14th day of February, 2023.

Jeremy Fielding, Esq.
jeremy.fielding@kirkland.com
Stefan Atkinson, Esq.
Stefan.atkinson@kirkland.com
Rachael A. Rezbek, Esq.
rachael.rezabek@kirkland.com
Jon Kelley
jon.kelley@kirkland.com
Olivia Adendorf
olivia.adendorff@kirkland.com
Christopher Fernandez
christopher.fernandez@kirkland.com
**Kirkland & Ellis LLP**
4550 Travis Street
Dallas, TX  75205

Thomas M. Melsheimer
TMelsheimer@winston.com
John C.C. Sanders
JSanders@winston.com
Katrina G. Eash
KEash@winston.com
**Winston & Strawn, LLP**
2121 N. Pearl St., Suite 900
Dallas, TX  75201

 /s/ J. David Rowe
J. David Rowe

## DEFINITIONS

The words defined below will have the meanings indicated below, regardless of any punctuation, grammar, capitalization or otherwise, when used in any Request or definition of another term. Each time these words are used in herein, you will be charged with knowledge of such definitions in answering. In each case, your answers should respond to all elements or questions included in such defined words. To the extent Defendant believes any definition set forth herein is unclear, vague, ambiguous or otherwise problematic, Defendant shall promptly notify and meet and confer with Plaintiff—before responding to these Requests—in order to avoid needless delay and unnecessary confusion.

Unless expressly stated otherwise in or conclusively negated by the context of the question, the following definitions shall apply to all Requests and other Definitions contained herein.

1.      The use of any singular term includes the plural, and vice versa. The use of any masculine term includes the feminine and neutral genders, and vice versa. The past tense includes the present and future tenses, and vice versa.

2.      The terms "**all**," "**any**" and "**each**" shall mean and encompass "any and all," as well as "each and every."

3.      "**Plaintiff**" or "**Defendant**," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

4.      "**You**," "**Your**," "**Defendant**" or "**Young Living**" means Defendant YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS, its successors, predecessors, divisions, departments, parents, subsidiaries, affiliated entities, agencies, sub-agencies, brands, groups, present and former officers, agents, employees, directors, contractors, and all other persons acting on its behalf or on behalf of its successors, predecessors, divisions, departments, parents, subsidiaries, affiliated entities, agencies, sub-agencies, brands, and groups.

5.      "**O'Shaughnessy**" or "**Plaintiff**" means Plaintiff JULIE O'SHAUGHNESSY, individually, and on behalf of all others similarly situated, her successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on her behalf or on behalf of her successors, predecessors, divisions, and subsidiaries.

6.      "**Lawsuit**" means the above-captioned action.

7.      "**Person**" means any natural person, marital community, partnership, corporation, company, joint venture, business entity, trust, association, trade group, agency, governmental entity, and any other legal person, whether public or private and whether organized for profit or otherwise.

8.      "**Essential Rewards Member**" and/or "**Member**" means any natural person, partnership, corporation, joint venture, or business entity that is a Young Living distributor, member or customer.

9.      "**COGS**" means cost of goods sold, which is defined as direct cost of production, including material costs, direct labor, and direct factory overhead, consistent with Generally Accepted Accounting Principles ("GAAP") and as reported on Young Living's audited financial statements.

10.     "**Distributor**" means any Young Living member who is or during the Relevant Period was actively building his or her own Young Living business, which includes but is not limited to recruiting or attempting to recruit downline members, reselling or attempting to resell Young Living products, and purchasing Young Living products in an amount sufficient to maintain his or her status as an Essential Rewards Member.

11.     "**Diamond**" level Essential Rewards Member refers to a distributor who achieves 100 PV, 250,000 OGV, 1,000 PGV and 5 separate legs with 15,000 OGV each within a commission period.

12.     The terms "**concerning**," "**regarding**," "**related to**" or "**relating to**" mean, in whole or in part, addressing, analyzing, comparing, comprehending, concerning, constituting, containing, contemplating, commenting on, discussing, describing, embodying, evidencing, evaluating, identifying, referring to, reflecting, reporting on or about, reviewing, stating, summarizing, dealing with, or in any way pertaining to.

13.     "**Identify**" shall mean: (i) when used with reference to a person, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present and/or last known position and business affiliation of said person; (ii) when used with reference to a document or other material, to state the document title, any associated Bates-stamp number, the date the item was created, its author, signatory, addressee, recipient of all copies thereof, the type of document (e.g., chart, spreadsheet, e-mail, memorandum, letter, etc.), and its present or last known custodian; (iii) when used with reference to facts, events, acts or omissions, to describe in detail each fact, event, act or omission inquired about, including the date(s) on which it occurred, the circumstances surrounding it, each person who committed or participated in committing it and/or who otherwise has personal knowledge of its occurrence and the circumstances surrounding it, any document or other material concerning, memorializing or corroborating its existence or occurrence; and (iv) when used with reference to any contention, position, assertion or allegation, to describe in detail the complete basis for and all facts that you contend support the contention, position, assertion or allegation inquired about, including by identifying each person, document or fact as set forth in (i) through (iii) above, as well as any legal or evidentiary support you contend supports the contention, position, assertion or allegation, and the specific reasons why or how you contend each fact and legal or evidentiary support identified supports or otherwise forms the basis for the contention, position, assertion or allegation inquired about

14.     The term "**communication**" means the transmittal of any information or data, by any means whatsoever, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message through any medium (including *via* email, text message,

iMessage, Facebook message, Instagram message, software or other application, online or offline forum, internet or intranet server, chat room, or any other physical digital means of sharing, exchanging or transmitting information, whether specifically enumerated herein or not), or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in-person or by telephone, facsimile, telegraph, telex, letter, email, text message, or other physical or digital medium, whether specifically enumerated herein or not.

15.     The term "**correspondence**" shall mean any document that constitutes a communication between two or more entities, persons or things, or that otherwise records, transcribes, memorializes, reflects, presents, documents, or otherwise summarizes, describes, references, or sets forth the substance of such a communication, whether made directly or otherwise.

16.     "**And**" as well as "**or**" shall mean "and/or" so as to be inclusive rather than exclusive in meaning.

17.     "**Document[s]**" or "**record[s]**" shall have the broadest possible meaning consistent with the Federal Rules of Civil Procedure and include, but are not limited to, any written, printed, handwritten, typed, transcribed, or graphic matter of any kind, or other medium upon which intelligence, data or information can be recorded, reflected, transcribed, or retrieved, however created, produced, memorialized, or reproduced, and regardless of where located, including, but not limited to, any correspondence, inter-office and intra-office communications, emails, circulars, announcements, directories, declarations, affidavits, statements, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, research, checklists, opinions, summaries, instructions, specifications, notes, notebooks, scrapbooks, diaries, minutes, minutes of meetings, desk or pocket calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts, motion pictures, videos, recordings, publications, transcripts, sound recordings, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), databases, software applications, messages (whether communicated, transcribed, recorded, sent, exchanged, shared otherwise submitted or stated *via* text message, iMessage, Facebook message, Instagram message, software or other application, online or offline forum, internet or intranet server, chat room, communication service, or other form of physical or digital transmission of a message), and any other retrievable or accessible data (whether encoded, taped, punched or coded, either electrostatically, electromagnetically, on computer or otherwise), in Your possession, custody, or control or known, available, or accessible to You, wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, modifications, editing, notes, comments, initials, underscoring, indication of routing, or other material contained in that document or attached to that document, or otherwise and in any way), and whether a draft or a final version.   "Document[s]" and "record[s]" shall include all electronically stored information ("ESI"), metadata and/or other identifying information for those documents generated and stored electronically, whether stored on an active hard drive or on archive tapes or disks, including electronic mail or any messaging platform, service, or software application.   "Document[s]" and "record[s]" shall also include the physical and/or electronic file folders in which said documents are maintained and any table of contents or index thereto, whether formally labeled as such or not; and copies of documents of

which the originals have been destroyed pursuant to a document destruction policy or otherwise. You are instructed to preserve, restore and search all archive tapes, disks, backup servers, backup software or hardware, applications, or any other storage medium or mechanism to determine whether responsive documents are resident in archived or otherwise historically maintained or backed-up files.

18.     The terms "**electronic data**" and/or "**ESI**" are used in their broadest permissible sense and refer to Documents, Communications, information, facts or programs stored as or on, created or used on, or transmitted to or from digital or computer software, including systems and applications, platforms, servers, whether web-based and/or cloud-based, pathways, software, hard or floppy discs, clouds, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment. The appropriate form in which produce ESI is set forth in the Instructions below and shall be followed, absent a separate agreement entered into by the Parties or ordered by the Court.

19.     "**Request**" means any of the written discovery requests set forth herein or otherwise served by Plaintiff to Defendant in this Lawsuit, including each Request for Production (or "RFP"), Interrogatory (or "ROG") and Request for Admission (or "RFA").

20.     "**Rules**" mean the Federal Rules of Civil Procedure.

21.     "**Barrow Affidavit**" means the Affidavit of K.C. Barrow, signed and sworn to by Young Living Senior Manager, K.C. Barrow, on June 10, 2019, and filed in this Action as ECF No. 7-1.

22.     "**Gibbons Affidavit**" means the Affidavit of Christopher Gibbons, signed and sworn to by Young Living Senior Manager, Christopher Gibbons, on June 11, 2019, and filed in this Action as ECF No. 7-2

## INSTRUCTIONS

1.    Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2.    Produce documents and tangible things in the forms as they are kept in the ordinary course of business or organize and number or label them to correspond with the categories in the discovery request.

3.    Produce Facebook data in the standard Facebook archive format. The Facebook archive can be downloaded from your Facebook settings. To download your information:

    a.    Click at the top right of any Facebook page and select **Settings**.
    b.    Click **Download a copy of your Facebook data** at the bottom of General Account Settings.
    c.    Click Start My Archive.

4.    Produce ESI in native format, single page searchable Adobe Tagged Image File Format (TIFF) images, or multi-page Adobe *.pdf images in a load file, as indicated below.

All responsive email files shall be produced in their native electronic format in a load file, including all metadata. As used here, metadata means and includes the metadata created by the file's software application as well as the computer/server's operating system. For example, an email from Microsoft Outlook running on a computer using Microsoft Windows XP Professional must include the metadata from both Outlook and Windows XP.

All other responsive ESI (other than email) shall be produced in native format, single page TIFF, and/or *.pdf format, in a load file, including all metadata.

A load file must contain separate records for each document within the ESI, data relevant to the individual documents (*e.g.*, metadata or coded data), and unique identifying numbers for each document/record. The load file shall be in a format compatible with Concordance (including a Concordance DAT file for metadata, and an Image load file in Opticon format (.OPT file), and Document level extracted OCR text files for loading), and shall populate metadata into fields in a searchable flat database environment, containing one line for each document and, if applicable, each of the following fields:

| | | |
|---|---|---|
| BEGDOC | FROM | DUPLICATE CUSTODIAN |
| ENDDOC | TO | DATE SENT |
| PARENTID | CC | TIME SENT |
| ATTACH RANGE | BCC | DATE RECEIVED |
| BEGATTACH | PSTNAME | TIME RECEIVED |
| ENDATTACH | PSTFOLDER | DATE CREATED |
| CUSTODIAN | FILE NAME | TIME CREATED |
| SUBJECT | FOLDER NAME | DATE LAST MODIFIED |

NATIVE LINK          FILE PATH          TIME LAST MODIFIED
NATIVE PATH          AUTHOR             MD5 HASH
HIDDEN CONTENT       PAGE COUNT         RANGE OF FAMILY

If the load file delivered by Defendant includes images of paper documents that have been scanned, the images shall be single page TIFF and/or *.pdf with a separate document i.d. for each document, but a unique number for each page.

*If you elect to use key word search terms, predictive coding, or some other automated search tool to find responsive documents, please meet and confer with counsel for Plaintiff before undertaking any such efforts.*

5.      For any materials that Defendant asserts are privileged, protected, or otherwise exempt from discovery, provide the following:

a.      The specific grounds for the claim of privilege, protection, or other exemption.

b.      The type of material being withheld, and if the material is electronically stored information, the file format of the material.

c.      The subject matter of the material.

d.      The date of the material.

e.      The name, job title, and address of the author of the material.

f.      The name, job title, and address of each addressee of the material.

g.      The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

h.      The name, job title, and address of the custodian of the material and the material's current location.

6.      These requests are continuing in nature and require supplemental responses in the event that you or any other person acting on your behalf becomes aware of additional information between the time your responses are given and the time of trial that renders your responses no longer true or complete.

7.      You shall produce each document requested herein in its entirety and without deletion, redaction or excision (except as qualified by privilege claims, as set forth above), regardless whether you consider the entire document to be relevant or responsive to the Requests.

8.      With respect to any document, category of documents or other information for which you contend production is in some way "burdensome," "oppressive," or otherwise disproportionate to the needs of this case, you must state the specific reasons for said objection, including the specific facts supporting your objection and all efforts taken to measure, quantify and determine the amount of time or expense associated with making such production prior to asserting your objection.

9.      Prior to asserting any objection that any Request, term used in a Request, or instruction regarding properly responding to any Request is vague, ambiguous, or otherwise unclear to the extent of being objectionable or hindering your ability to fairly and completely

respond to the Request, you must attempt to meet and confer with Plaintiff in good faith in order to avoid needless delay or confusion by attempting to resolve any such purported ambiguity or lack of clarity.

10.    Each Interrogatory shall be answered completely, separately and individually.

11.    The grounds for objecting to any Interrogatory must be stated in detail, in accordance with the Rules. To the extent you refuse to answer any Interrogatory in whole or in any part, including by withholding or otherwise omitting from your answer any facts, materials, statements, or other information responsive to the Interrogatory on the basis of any objection, you shall specifically identify and state which part of the Interrogatory that you are refusing to answer on the basis of each objection and each category of facts, materials, statements and other information that is responsive to the Interrogatory but which you are refusing to describe and identify on the basis of any specific objection.

12.    The truth and accuracy of each and every fact stated in any of your responses to any Interrogatory shall be verified under oath by an appropriate individual who has personal knowledge of each fact. To the extent the appropriate individual to do so varies between Defendants or between Interrogatories, your verification(s) shall identify and specify the fact or facts to which each individual is attesting under oath.

13.    When you are asked to respond to a request for admission, your response shall specifically admit or deny the matter or state in detail why you cannot truthfully admit or deny it, what information you contend you need to admit or deny it, and when you reasonably expect to be able to truthfully admit or deny it based upon your reasonably diligent investigation of the matter. A denial must fairly respond to the substance of the matter. When good faith requires that you qualify your answer or deny only part of a matter, you must specify the part admitted and qualify or deny the rest. If you are unable to fully respond to any request, you shall supply the information that is available and explain why your response is incomplete, the efforts made by you to obtain responsive information, and the source from which all responsive information may be obtained, to the best of your knowledge and belief. you may not state lack of information or knowledge as a reason for failing to admit or deny any request or part of any request, unless you state under oath that you have made reasonable inquiry into the subject matter of the request, that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request, and describe in detail the actions you took that comprise your reasonably diligent inquiry into the matter and the information you obtained thereby.

14.    Each paragraph herein shall be construed independently and not with reference to and other paragraph for the purpose of limitation.

15.    Unless otherwise stated, the time period for each of these requests is January 1, 2015, through the present (hereafter, the "**Relevant Period**").

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**   Documents and Communications related to any fees, premiums, or other charges Young Living could or did charge or collect from any Essential Rewards Member, payment of which allowed or purported to allow that Member to earn commissions.

**Response:**

**REQUEST FOR PRODUCTION NO. 2.**   Documents and Communications identifying, reflecting or otherwise concerning the Cost of Goods Sold for each Young Living product sold by or to any Essential Rewards Member, including but not limited to, each order identified in YL_OSHA0000187, YL_OSHA0000188, YL_OSHA0000189, and YL_OSHA0000190.

**Response:**

**REQUEST FOR PRODUCTION NO. 3.**   Documents and Communications identifying, reflecting or otherwise concerning each Young Living product sold—and the sales price thereof—by or to any Essential Rewards Member.

**Response:**

**REQUEST FOR PRODUCTION NO. 4.**   Documents and Communications identifying, reflecting or otherwise concerning all sales of Young Living products, including the sales price thereof, by Essential Rewards Members to non-Members in the U.S. during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 5.**   Documents and Communications identifying, reflecting or otherwise concerning all Young Living products sold directly to non-Essential Rewards Members in the U.S. by Young Living, through its website or otherwise, during the Relevant Period. This Request does not include products sold by Essential Rewards Members. Rather, it seeks Documents and Communications concerning Young Living's direct-to-consumer or direct-to-user sales made by Young Living separate from and independent of sales made by Young Living Essential Rewards Members.

**Response:**

**REQUEST FOR PRODUCTION NO. 6.**   Documents and Communications identifying, reflecting or otherwise concerning all actual commissions Young Living paid to each Essential Rewards Member during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 7.**   Documents and Communications identifying, reflecting or otherwise concerning all commissions each Essential Rewards Member earned (whether paid or not) during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 8.** Documents and Communications identifying, reflecting or otherwise concerning any internal policies, procedures, or other guidelines regarding Essential Rewards Member commissions, including but not limited to, the internal policies, procedures, and guidelines themselves.

**Response:**

**REQUEST FOR PRODUCTION NO. 9.** Documents and Communications concerning, reflecting or otherwise related to the requirement, implemented in or around August 2018, that Essential Rewards Members click or otherwise virtually interact with an agreement that includes a class waiver in order to access their online Young Living account.

**Response:**

**REQUEST FOR PRODUCTION NO. 10.** All Young Living income disclosure statements from 2016 to the present.

**Response:**

**REQUEST FOR PRODUCTION NO. 11.** Documents and Communications identifying, reflecting or otherwise concerning all data used to calculate, and each line item reported in, Young Living's income disclosure statements, each year from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 12.** Documents and Communications concerning or otherwise related to any decision or policy—whether implemented or merely proposed, discussed or contemplated—regarding the inclusion or exclusion of data used to create any Young Living income disclosure statements from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 13.** Documents and Communications concerning all marketing and promotional materials that promote(d) becoming a Young Living Essential Rewards Member or selling Young Living products, including but not limited to advertisements and videos displayed on Facebook/Meta, Instagram, YouTube, TikTok, Twitter, and any and all other media and social media whatsoever.

**Response:**

**REQUEST FOR PRODUCTION NO. 14.** Documents and Communications identifying, reflecting or otherwise concerning all agenda topics, attendees, and meeting minutes of "Opportunity" calls via Zoom, Teams, or other video, telephonic, or virtual platforms during the Relevant Period. This Request specifically includes, but is not limited to, copies of the recordings of any such "Opportunity" calls or meetings (if recorded), as well as any Documents circulated, shown, used, presented or otherwise utilized or provided during such calls or meetings.

**Response:**

**REQUEST FOR PRODUCTION NO. 15.** If recorded, copies of the recordings of all Young Living conventions, annual meetings, or any other regular or special meetings sponsored or conducted by Young Living or held with Young Living's permission.

**Response:**

**REQUEST FOR PRODUCTION NO. 16.** Documents and Communications identifying, reflecting or otherwise concerning all marketing materials circulated by Young Living, including but not limited to newsletters, magazines, pamphlets, etc. regarding Young Living's products.

**Response:**

**REQUEST FOR PRODUCTION NO. 17.** Screen shots and archived internet pages or related Documents showing each step of the sign-up, enrollment, or agreement process to become an Essential Rewards Member during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 18.** Documents and Communications identifying, showing, reflecting or otherwise concerning every repurchase by Young Living of product from Essential Rewards Members—such data should include specific items repurchased, cost, COGS, and dates.

**Response:**

**REQUEST FOR PRODUCTION NO. 19.** Documents and Communications identifying, reflecting or otherwise concerning Young Living's efforts, if any, to structure its business and/or operate as a lawful Multi-Level Marketing company.

**Response:**

**REQUEST FOR PRODUCTION NO. 20.** Documents and Communications concerning, supporting, contradicting, undermining or otherwise related to each Defense alleged in Your Answer (ECF No. 164), including but not limited to, all Documents and Communications reflecting the "work, opinions, information, representations, and advice of others," upon which Young Living alleges it relied in good faith, according to its Eighth and Ninth Defenses.

**Response:**

**REQUEST FOR PRODUCTION NO. 21.** Documents and Communications concerning, reflecting or otherwise related to Young Living's tracking of sale of products to Essential Rewards Members versus non-Essential Rewards Member consumers, customers, end-users and/or other persons.

**Response:**

**REQUEST FOR PRODUCTION NO. 22.** Documents and Communications concerning, showing, reflecting, breaking down, analyzing or otherwise related to Young Living's wholesale versus retail sales of products, including date(s) of sale, customer identity and location, sales price, and other related information maintained for each such sale, during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 23.** Documents identifying all of Young Living's executives, directors, employees, contractors, departments, divisions and reporting lines from 2016 to present. This Request seeks complete organizational charts, or other similar documents maintained by Young Living, for each year—if different—from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 24.** A complete copy of Your (a) audited and (b) unaudited financial statements for each year from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 25.** All Young Living "membership records," which "detail[] its Members' membership details, including but not limited to the dates on which Members agreed to certain agreements with the Company, their orders, amount of commissions earned, upline sponsor and downline enrollee(s), and other information," and that Young Living keeps and maintains in the regular course of its business, according to Barrow Affidavit ¶¶4-8.

**Response:**

**REQUEST FOR PRODUCTION NO. 26.** All documents and communications concerning or otherwise related to the Young Living "membership records" identified by and described in Barrow Affidavit ¶¶4-8.

**Response:**

**REQUEST FOR PRODUCTION NO. 27.** A digital copy or other exact replica of the "Oracle database," which "Young Living maintains" in the ordinary course of its business, that contains "records of the historical content" on "Young Living's website and records of Members agreeing to" Young Living's "Member Agreement, Policies and Procedures, Compensation Plan and its Terms and Conditions, and Privacy Policy," as stated in Gibbons Affidavit ¶¶5-8.

**Response:**

**REQUEST FOR PRODUCTION NO. 28.** A digital copy or other exact replica of the Young Living Starter Kit, including all materials contained therein, from 2016 to present. To the extent that the Young Living Starter Kit, including any materials contained therein, was revised, changed, updated, amended or otherwise modified in any way from 2016 to present, this Request seeks one digital copy or other exact replica of each modified version or iteration of the Young Living Starter Kit.

**Response:**

**REQUEST FOR PRODUCTION NO. 29.** Documents and Communications concerning, reflecting or otherwise related to Your interpretation of the Young Living Compensation Plan from 2016 to present. This Request includes, but is in no way limited to, all documents and communications discussing, analyzing, calculating or otherwise applying the formula(s) or equation(s) You used to calculate the amount(s), if any, of bonuses, commissions or other payments to Members based on Essential Rewards points, PV, OGV, PGV, LEG and/or any other measures, metrics or variables included in Your Compensation Plan.

**Response:**

**REQUEST FOR PRODUCTION NO. 30.** Documents and Communications concerning, reflecting or otherwise related to Your interpretation of the Young Living Compensation Plan from 2016 to present. This Request includes, but is in no way limited to, all documents and communications discussing, analyzing, calculating or otherwise applying the formula(s) or equation(s) You used to calculate the amount(s), if any, of bonuses, commissions or other payments to Members based on Essential Rewards points, PV, OGV, PGV, LEG and/or any other measures, metrics or variables included in Your Compensation Plan.

**Response:**

**REQUEST FOR PRODUCTION NO. 31.** Documents and Communications concerning or otherwise reflecting the amounts of "sales taxes" You "collect[ed] and remit[ted]" for Young Living members "based on the published retail price of the product and according to tax rates of the state in the 'ship to' address on any given order" from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 32.** Documents and communications concerning, reflecting or otherwise related to each disciplinary action, if any, that You have taken against any Young Living member for violating Young Living's Code of Ethics from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 33.** Documents and Communications concerning, reflecting or otherwise related to each disciplinary action, if any, that You have taken against any Young Living member for making "misrepresentations" or other "improper representations" about Young Living's Compensation Plan, including any such improper "Compensation Plan Claims," "Income Claims," claims of "Governmental Approval or Endorsement," and/or "Unlawful Advertising Statements" described in ¶¶5.3.2 through 5.3.5 of Young Living's Policies and Procedures, effective January 2014.

**Response:**

**REQUEST FOR PRODUCTION NO. 34.** "All Young Living materials—whether printed, on video or DVD, produced by sound recording, or any other electronic format"—used "for

advertising and describing Young Living's products or programs," or otherwise provided to members to use for marketing and/or promotional purposes from 2016 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 35.** All "receipts" or other "records documenting the purchases of member's customers and direct purchase customers" submitted to or otherwise maintained by Young Living, according to ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 36.** All of Young Living's "detailed commission reports" and "Commission and Bonus Recap statements," as described in ¶¶7.1 through 7.6 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 37.** Documents and Communications concerning, reflecting or otherwise related to Young Living's enforcement of its written requirement that its Members "abide by the 70% rule, which is that 70% of your inventory intended for sale has been sold prior to ordering more," as stated in ¶6.1 of Young Living's Policies and Procedures, effective January 2014, during the Relevant Period, including but not limited to all such Documents and Communications concerning compliance with and the tracking or confirmation of compliance with said written requirement, as well as any disciplinary measures or other actions taken or contemplated by Young Living for violation(s)—actual or possible—of said written requirement.

**Response:**

**REQUEST FOR PRODUCTION NO. 38.** Documents and Communications concerning, reflecting or otherwise related to Young Living's assessments, evaluations, analyses, forecasting, projections, calculations or other measurements of consumer demand for Young Living products in the United States during the Relevant Period.

**Response:**

**REQUEST FOR PRODUCTION NO. 39.** Documents and Communications concerning, reflecting or otherwise related to Young Living's supply, production and output of Young Living Products in the United States during the Relevant Period, including but not limited to, Young Living's bases for calculating or otherwise determining the quantity of products it produced and/or inventory products it maintained to make available for sale or otherwise meet or satisfy demand for its products during the Relevant Period.

**Response:**

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify each person whose "work, opinions, information, representations, and advice" You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164).

**Response:**

**INTERROGATORY NO. 2.** Identify each Document and Communication that You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164).

**Response:**

**INTERROGATORY NO. 3.** If You answer Request for Admission Nos. 4 or 5 below with anything other than an unequivocal admission ("Admitted"), identify and state in detail each fact, document and/or other justification or rationale supporting Your answer.

**Response:**

**INTERROGATORY NO. 4.** Identify each application, platform and/or software used to calculate member earning, payments and sales data in Your production of YL_OSHAH0000187, YL_OSHAH0000188, YL_OSHAH0000189, YL_OSHAH0000190.

**Response:**

**INTERROGATORY NO. 5.** Identify each custodian in charge of updating and keeping records calculating member earning, payments and sales data in Your production of YL_OSHAH0000187, YL_OSHAH0000188, YL_OSHAH0000189, YL_OSHAH0000190.

**Response:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.** Admit that Young Living Members are required to be responsible for paying the costs of [their] business, including travel, entertainment, office, clerical, legal, equipment, accounting, license fees, insurance premiums, and general expenses without advances, reimbursements, or guarantees from Young Living.

**Response:**

**REQUEST FOR ADMISSION NO. 2.** Admit that, from 2016 to present, Young Living has never paid or otherwise reimbursed Young Living Members for "the costs of [their] business, including travel, entertainment, office, clerical, legal, equipment, accounting, license fees, insurance premiums, and general expenses."

**Response:**

**REQUEST FOR ADMISSION NO. 3.** Admit that the "work, opinions, information, representations, and advice" You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164) include communications and/or advice from attorneys

**Response:**

**REQUEST FOR ADMISSION NO. 4.** Admit that Young Living took no action to enforce compliance with "the 70% rule" described in ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**Response:**

**REQUEST FOR ADMISSION NO. 5.** Admit that Young Living implemented no measure or mechanism to track or monitor compliance by its Members with "the 70% rule" described in ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**Response:**

EXHIBIT B

Robert S. Clark (Utah Bar No. 4015)
Jeffrey J. Hunt (Utah Bar No. 5855)
David C. Reymann (Utah Bar No. 8495)
Bryan S. Johansen (Utah Bar No. 9912)
**PARR BROWN GEE & LOVELESS**
101 S 200 E Ste 700
Salt Lake City, UT 84111
Phone:  801-532-7840
Fax:  801-532-7750
rclark@parrbrown.com
jhunt@parrbrown.com
dreymann@parrbrown.com
bjohansen@parrbrown.com

Jeremy A. Fielding (*pro hac vice*)
Olivia Adendorff (*pro hac vice*)
Jon David Kelley (*pro hac vice*)
Rachael A. Rezabek (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, TX 75205
Phone:  214-972-1770
Fax:  214-972-1771
jeremy.fielding@kirkland.com
olivia.adendorff@kirkland.com
jon.kelley@kirkland.com
rachael.rezabek@kirkland.com

[Additional counsel on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JULIE O'SHAUGHNESSY, individually, and on behalf of a class of similarly situated individuals,<br><br>            Plaintiff,<br><br>      v.<br><br>YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS,<br><br>            Defendant. | Case No. 2:20-cv-00470-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S THIRD SET OF  DISCOVERY REQUESTS

Defendant Young Living Essential Oils, LC ("Young Living") hereby provides the following responses and objections (the "Responses") to Plaintiff Julie O'Shaughnessy's ("Plaintiff") Third Set of Discovery Requests (the "Requests").

1

## RESERVATION OF RIGHTS

With respect to any information Young Living may provide to Plaintiff in response to Plaintiff's Interrogatories and Requests, Young Living reserves and shall retain:

a. the right to challenge the use of the information by Plaintiff on evidentiary grounds including, but not limited to, questions of authenticity, relevancy, materiality, and admissibility;

b. the right to object to the use of such information;

c. the right to object on any grounds, at any time, to other discovery seeking similar information; and

d. the right to supplement its responses and to make further objections as may become apparent throughout the discovery process.

## GENERAL OBJECTIONS

1. Young Living objects to each Request and Interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or any joint defense privilege or doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's Local Rules, or the relevant statutory or case law. Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

2. Young Living objects to each Request and Interrogatory to the extent it is overbroad, unduly burdensome, encompasses people and entities that are not parties to this litigation, or calls for the disclosure of confidential information of third parties protected from disclosure by law.

3. Young Living's partial response to any of Plaintiff's Requests and

2

Interrogatories is not a waiver of any objections or right to object to any additional, supplemental, or further Request or Interrogatory, or any part thereof, but instead is offered in the spirit of cooperation and in an effort to avoid further discovery disputes and delays. Young Living reserves the right to amend, supplement, or withdraw any objections or responses herein.

4.        Young Living objects to the extent any of Plaintiff's Request and Interrogatories relate to the merits of this case. The parties have agreed that discovery should be bifurcated into two phases — "class issues" and "merits based" (*See* J. Wallis's email to C. Fernandez, dated January 23, 2023, stating, "As you know, we have bifurcated discovery in this matter and currently only discovery regarding class issues is permissible"), and for these reasons, discovery related to the merits is inappropriate at this time.

5.        Young Living's decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the Request and Interrogatories should not be construed as: (a) a stipulation that the material is relevant or admissible; (b) a waiver of Young Living's general objections or the objections asserted in response to specific Requests and Interrogatories; or (c) an agreement that Requests and Interrogatories for similar information will be treated in a similar manner.

6.        Young Living incorporates these General Objections into each and every Response provided herein, and provides its Responses without waiver of, or prejudice to, its General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.        Young Living objects to Plaintiff's Definitions to the extent they purport to alter the plain meaning and/or scope of any specific Request or Interrogatory on the ground that such

3

alteration renders the Request or Interrogatory vague, ambiguous, overbroad, and uncertain.

2.       Young Living objects to the definition of "You," "Your," "Defendant" or "Young Living" as overly broad and unduly burdensome because it purports to impose a duty to provide discovery of documents and information in the possession, custody, or control of third parties outside of Young Living's control.  Young Living construes "You," "Your," "Defendant" or and "Young Living" to mean Young Living Essential Oils, LC d/b/a Young Living Essential Oils and its officers, directors, and employees.

3.       Young Living objects to the definition of "Relevant Time Period," as overly broad and unduly burdensome insofar as it purports to extend the relevant time period a) before July 2, 2016 and b) to the present.  Young Living further objects to the definition of "Relevant Time Period" because Plaintiff has unilaterally expanded the relevant time period beyond even her own previous definitions, found in her previous written discovery requests.

4.       Young Living objects to the definition of "Essential Rewards Member" and/or "Member" on the ground that it is vague and ambiguous because it includes "any natural person, partnership, corporation, joint venture, or business entity that is a Young Living distributor, member, or customer."  Young Living construes "Essential Rewards Member" to mean any member of Young Living's Essential Rewards program who enrolled during the relevant time period, which is July 2, 2016 to July 31, 2018.

5.       Young Living objects to the definition of "Distributor" insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

6.       Young Living objects to the definition of the terms "concerning," "regarding," "related to" or "relating to" on the ground that it is overly broad and unduly burdensome because it purports to impose obligations that exceed those imposed by the Federal Rules of Civil

4

Procedure, relevant local rules, and applicable case law.

7.  Young Living objects to the definition of the term "communication" on the ground that it is overly broad and unduly burdensome because it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law.

8.  Young Living objects to the definition of the term "correspondence" on the ground that it is overly broad and unduly burdensome because it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law.

9.  Young Living objects to the definition of the term "Document[s]" or "record[s]" on the ground that it is overly broad and unduly burdensome because it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law.

10.  Young Living objects to Instruction No. 4 to the extent it purports to determine how electronically stored information (ESI) shall be produced.  Young Living refers Plaintiff to Rachael Rezabek's email to Counsel, dated January 11, 2023, proposing a stipulated ESI protocol, to which Plaintiff has not responded.  Young Living further states that it is willing to meet and confer to mutually agree upon how ESI will be produced in this matter.

11.  Young Living objects to the Instructions (including but not limited to Instruction No. 5) to the extent they purport to require or impose any obligations inconsistent with the Protective Order entered by the Court, the Federal Rules of Civil Procedure, relevant local rules, and/or applicable case law.

**SPECIFIC OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

 Documents and Communications related to any fees, premiums, or other charges Young Living could or did charge or collect from any Essential Rewards Member, payment of which allowed or purported to allow that Member to earn commissions.

**RESPONSE TO REQUEST NO. 1:**

 Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

 Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

 Documents and Communications identifying, reflecting or otherwise concerning the Cost of Goods Sold for each Young Living product sold by or to any Essential Rewards Member, including but not limited to, each order identified in YL_OSHA0000187, YL_OSHA0000188, YL_OSHA0000189, and YL_OSHA0000190.

**RESPONSE TO REQUEST NO. 2:**

 Young Living objects to this Request insofar as it seeks communications which are not relevant to class certification. Young Living further objects to this Request based on the fact that it previously produced documents responsive to this Request on November 23, 2022 and December 27, 2022 pursuant to the parties' agreement as expressed in J. David Rowe's email correspondence to counsel, dated December 19, 2022, that "Re COGS information, we need Young Living's financial statements for years 2016 through the present."

 Subject to and without waiving the foregoing objections, Young Living invites Plaintiff

6

to meet and confer regarding the scope of this Request and the specific information requested, to the extent Plaintiff believes additional information is necessary.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications identifying, reflecting or otherwise concerning each Young Living product sold—and the sales price thereof—by or to any Essential Rewards Member.

**RESPONSE TO REQUEST NO. 3:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it seeks documents already in the custody, control, and possession of Plaintiff. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living invites Plaintiff to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and Communications identifying, reflecting or otherwise concerning all sales of Young Living products, including the sales price thereof, by Essential Rewards Members to non-Members in the U.S. during the Relevant Period.

**RESPONSE TO REQUEST NO. 4:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant and admissible evidence. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks sales data related to individuals who are not members of Plaintiff's putative class. Young Living further objects to this Request

7

insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications identifying, reflecting or otherwise concerning all Young Living products sold directly to non-Essential Rewards Members in the U.S. by Young Living, through its website or otherwise, during the Relevant Period. This Request does not include products sold by Essential Rewards Members. Rather, it seeks Documents and Communications concerning Young Living's direct-to-consumer or direct-to-user sales made by Young Living separate from and independent of sales made by Young Living Essential Rewards Members.

**RESPONSE TO REQUEST NO. 5:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant and admissible evidence. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks sales data related to individuals who are not members of Plaintiff's putative class. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Young Living will not search for documents in response to this Request on the basis that this Request seeks only merits-based information.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications identifying, reflecting or otherwise concerning all actual commissions Young Living paid to each Essential Rewards Member during the Relevant Period.

**RESPONSE TO REQUEST NO. 6:**

Young Living objects to this Request insofar as it seeks information outside of the

8

relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request because it seeks information duplicative of documents previously produced by Young Living.

Subject to and without waiving the foregoing objections, Young Living has already produced information sufficient to determine actual commissions paid to each Essential Rewards Member between July 2, 2016 and July 31, 2018.  To the extent Plaintiff seeks additional information, Young Living invites Plaintiff to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents and Communications identifying, reflecting or otherwise concerning all commissions each Essential Rewards Member earned (whether paid or not) during the Relevant Period.

**RESPONSE TO REQUEST NO. 7:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request because it seeks information duplicative of documents previously produced by Young Living.

Subject to and without waiving the foregoing objections, Young Living has already produced information sufficient to determine commissions earned by each Essential Rewards Member between July 2, 2016 and July 31, 2018.  To the extent Plaintiff seeks additional information, Young Living invites Plaintiff to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and Communications identifying, reflecting or otherwise concerning any

internal policies, procedures, or other guidelines regarding Essential Rewards Member commissions, including but not limited to, the internal policies, procedures, and guidelines themselves.

**RESPONSE TO REQUEST NO. 8:**

Young Living objects to this Request on the ground that it is overly broad and unduly burdensome. Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications concerning, reflecting or otherwise related to the requirement, implemented in or around August 2018, that Essential Rewards Members click or otherwise virtually interact with an agreement that includes a class waiver in order to access their online Young Living account.

**RESPONSE TO REQUEST NO. 9:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Young Living income disclosure statements from 2016 to the present.

**RESPONSE TO REQUEST NO. 10:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and Communications identifying, reflecting or otherwise concerning all data used to calculate, and each line item reported in, Young Living's income disclosure statements, each year from 2016 to present.

**RESPONSE TO REQUEST NO. 11:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents and Communications concerning or otherwise related to any decision or policy—whether implemented or merely proposed, discussed or contemplated—regarding the inclusion or exclusion of data used to create any Young Living income disclosure statements from 2016 to present.

**RESPONSE TO REQUEST NO. 12:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, insofar as it seeks

11

information "merely proposed, discussed or contemplated." Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents and Communications concerning all marketing and promotional materials that promote(d) becoming a Young Living Essential Rewards Member or selling Young Living products, including but not limited to advertisements and videos displayed on Facebook/Meta, Instagram, YouTube, TikTok, Twitter, and any and all other media and social media whatsoever.

**RESPONSE TO REQUEST NO. 13:**

Young Living objects to this Request on the ground that it is vague and ambiguous because it includes "*all* marketing and promotional materials" without defining what these terms mean. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it seeks documents already in the custody, control, and possession of Plaintiff. Young Living also objects to the extent this Request seeks documents not within Young Living's possession, custody, or control. Young Living also objects to the Request to the extent it seeks documents in the public domain. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged advertisements and videos displayed on its corporate-operated Facebook/Meta, Instagram, YouTube, TikTok, Twitter

12

accounts within its possession, custody, or control that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14:

Documents and Communications identifying, reflecting or otherwise concerning all agenda topics, attendees, and meeting minutes of "Opportunity" calls via Zoom, Teams, or other video, telephonic, or virtual platforms during the Relevant Period. This Request specifically includes, but is not limited to, copies of the recordings of any such "Opportunity" calls or meetings (if recorded), as well as any Documents circulated, shown, used, presented or otherwise utilized or provided during such calls or meetings.

## RESPONSE TO REQUEST NO. 14:

Young Living objects to this Request on the ground that it is vague and ambiguous as to the phrase "'Opportunity' calls." Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it seeks documents already in the custody, control, and possession of Plaintiff. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 15:

If recorded, copies of the recordings of all Young Living conventions, annual meetings, or any other regular or special meetings sponsored or conducted by Young Living or held with Young Living's permission.

## RESPONSE TO REQUEST NO. 15:

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and not proportional to the needs of this case because it seeks recordings that are not relevant to any issue, claim, or

defense involved in this case.  Young Living further objects to this Request insofar as it seeks

information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, Young Living states that it is

willing to meet and confer to narrow and clarify the scope of this Request.

## REQUEST FOR PRODUCTION NO. 16:

Documents and Communications identifying, reflecting or otherwise concerning all
marketing materials circulated by Young Living, including but not limited to newsletters,
magazines, pamphlets, etc. regarding Young Living's products.

## RESPONSE TO REQUEST NO. 16:

Young Living objects to this Request to the extent it is duplicative of Request for

Production No. 13.  Young Living further objects to this Request insofar as it seeks information

outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it

seeks documents already in the custody, control, and possession of Plaintiff.  Young Living

further objects to this Request insofar as it seeks communications which are not relevant to

class certification.

Subject to and without waiving the foregoing objections, and after conducting a

reasonable search, Young Living will produce non-privileged documents within its possession,

custody, or control that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

Screen shots and archived internet pages or related Documents showing each step of the
sign-up, enrollment, or agreement process to become an Essential Rewards Member during the
Relevant Period.

## RESPONSE TO REQUEST NO. 17:

Young Living objects to this Request on the ground that it is vague and ambiguous as to

the phrase "related Documents."  Young Living further objects to this Request insofar as it

14

seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it seeks documents already in the custody, control, and possession of Plaintiff.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents and Communications identifying, showing, reflecting or otherwise concerning every repurchase by Young Living of product from Essential Rewards Members—such data should include specific items repurchased, cost, COGS, and dates.

**RESPONSE TO REQUEST NO. 18:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Documents and Communications identifying, reflecting or otherwise concerning Young Living's efforts, if any, to structure its business and/or operate as a lawful Multi-Level Marketing company.

**RESPONSE TO REQUEST NO. 19:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.  Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as

it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living states that it is willing to meet and confer to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Documents and Communications concerning, supporting, contradicting, undermining or otherwise related to each Defense alleged in Your Answer (ECF No. 164), including but not limited to, all Documents and Communications reflecting the "work, opinions, information, representations, and advice of others," upon which Young Living alleges it relied in good faith, according to its Eighth and Ninth Defenses.

**RESPONSE TO REQUEST NO. 20:**

Young Living objects to this Request to the extent it calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine.  Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Young Living will not search for documents in response to this Request on the basis that this Request seeks only merits-based information.

**REQUEST FOR PRODUCTION NO. 21:**

Documents and Communications concerning, reflecting or otherwise related to Young Living's tracking of sale of products to Essential Rewards Members versus non-Essential Rewards Member consumers, customers, end-users and/or other persons.

**RESPONSE TO REQUEST NO. 21:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a

16

reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and Communications concerning, showing, reflecting, breaking down, analyzing or otherwise related to Young Living's wholesale versus retail sales of products, including date(s) of sale, customer identity and location, sales price, and other related information maintained for each such sale, during the Relevant Period.

**RESPONSE TO REQUEST NO. 22:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents identifying all of Young Living's executives, directors, employees, contractors, departments, divisions and reporting lines from 2016 to present. This Request seeks complete organizational charts, or other similar documents maintained by Young Living, for each year—if different—from 2016 to present.

**RESPONSE TO REQUEST NO. 23:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, and after conducting a reasonable search, Young Living will produce non-privileged documents within its possession,

custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

A complete copy of Your (a) audited and (b) unaudited financial statements for each year from 2016 to present.

**RESPONSE TO REQUEST NO. 24:**

Young Living objects to this Request as unduly burdensome insofar as it seeks Young Living's unaudited financial statements. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018. Young Living further objects to this Request because it seeks information duplicative of documents previously produced by Young Living.

Subject to and without waiving the foregoing objections, Young Living directs Plaintiff to documents it previously produced responsive to this request on November 23, 2022 and December 27, 2022.

**REQUEST FOR PRODUCTION NO. 25:**

All Young Living "membership records," which "detail[] its Members' membership details, including but not limited to the dates on which Members agreed to certain agreements with the Company, their orders, amount of commissions earned, upline sponsor and downline enrollee(s), and other information," and that Young Living keeps and maintains in the regular course of its business, according to Barrow Affidavit ¶¶4-8.

**RESPONSE TO REQUEST NO. 25:**

Young Living objects to this Request as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because it seeks "All Young Living 'membership records.'" Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, and after conducting a

reasonable search, Young Living will produce non-privileged documents within its possession,

custody, or control that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 26:

All documents and communications concerning or otherwise related to the Young Living "membership records" identified by and described in Barrow Affidavit ¶¶4-8.

## RESPONSE TO REQUEST NO. 26:

Young Living objects to this Request as overly broad, unduly burdensome, and not likely

to lead to the discovery of admissible evidence because it seeks "*All* documents and

communications concerning *or otherwise related to*" Young Living's membership records.

Young Living objects to this Request insofar as it seeks communications which are not relevant

to class certification.

Subject to and without waiving the foregoing objections, and after conducting a

reasonable search, Young Living will produce non-privileged documents within its possession,

custody, or control that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 27:

A digital copy or other exact replica of the "Oracle database," which "Young Living maintains" in the ordinary course of its business, that contains "records of the historical content" on "Young Living's website and records of Members agreeing to" Young Living's "Member Agreement, Policies and Procedures, Compensation Plan and its Terms and Conditions, and Privacy Policy," as stated in Gibbons Affidavit ¶¶5-8.

## RESPONSE TO REQUEST NO. 27:

Young Living objects to this Request on the ground that it is vague and ambiguous as to

the terms "digital copy or other exact replica." Young Living further objects to this Request

on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery

of admissible evidence. Young Living further objects to this Request to the extent it calls for

the disclosure of information protected by the attorney-client privilege and work product doctrine. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, Young Living states that it is willing to meet and confer to narrow and clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

A digital copy or other exact replica of the Young Living Starter Kit, including all materials contained therein, from 2016 to present. To the extent that the Young Living Starter Kit, including any materials contained therein, was revised, changed, updated, amended or otherwise modified in any way from 2016 to present, this Request seeks one digital copy or other exact replica of each modified version or iteration of the Young Living Starter Kit.

**RESPONSE TO REQUEST NO. 28:**

Young Living objects to this Request on the ground that it is vague and ambiguous as to the terms "digital copy or other exact replica." Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it seeks documents already in the custody, control, and possession of Plaintiff.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents and Communications concerning, reflecting or otherwise related to Your interpretation of the Young Living Compensation Plan from 2016 to present. This Request includes, but is in no way limited to, all documents and communications discussing, analyzing, calculating or otherwise applying the formula(s) or equation(s) You used to calculate the amount(s), if any, of bonuses, commissions or other payments to Members based on Essential Rewards points, PV, OGV, PGV, LEG and/or any other measures, metrics or variables included in Your Compensation Plan.

20

**RESPONSE TO REQUEST NO. 29:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and to the extent it seeks documents already in the custody, control, and possession of Plaintiff. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and Communications concerning, reflecting or otherwise related to Your interpretation of the Young Living Compensation Plan from 2016 to present. This Request includes, but is in no way limited to, all documents and communications discussing, analyzing, calculating or otherwise applying the formula(s) or equation(s) You used to calculate the amount(s), if any, of bonuses, commissions or other payments to Members based on Essential Rewards points, PV, OGV, PGV, LEG and/or any other measures, metrics or variables included in Your Compensation Plan.

**RESPONSE TO REQUEST NO. 30:**

Young Living objects to this Request on the grounds that it is duplicative of Request for Production No. 29.

Subject to and without waiving the foregoing objections, Young Living directs Plaintiff to its response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 31:**

Documents and Communications concerning or otherwise reflecting the amounts of "sales taxes" You "collect[ed] and remit[ted]" for Young Living members "based on the published retail price of the product and according to tax rates of the state in the 'ship to' address on any given order" from 2016 to present.

**RESPONSE TO REQUEST NO. 31:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and communications concerning, reflecting or otherwise related to each disciplinary action, if any, that You have taken against any Young Living member for violating Young Living's Code of Ethics from 2016 to present.

**RESPONSE TO REQUEST NO. 32:**

Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks information related to individuals who are not members of Plaintiff's putative class.  Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Young Living will not search for documents in response to this Request on the basis that this Request seeks only merits-based information.

**REQUEST FOR PRODUCTION NO. 33:**

Documents and Communications concerning, reflecting or otherwise related to each

22

disciplinary action, if any, that You have taken against any Young Living member for making "misrepresentations" or other "improper representations" about Young Living's Compensation Plan, including any such improper "Compensation Plan Claims," "Income Claims," claims of "Governmental Approval or Endorsement," and/or "Unlawful Advertising Statements" described in ¶¶5.3.2 through 5.3.5 of Young Living's Policies and Procedures, effective January 2014.

## RESPONSE TO REQUEST NO. 33:

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks information related to individuals who are not members of Plaintiff's putative class. Young Living further objects to this Request insofar as it seeks communications which are not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

"All Young Living materials—whether printed, on video or DVD, produced by sound recording, or any other electronic format"—used "for advertising and describing Young Living's products or programs," or otherwise provided to members to use for marketing and/or promotional purposes from 2016 to present.

## RESPONSE TO REQUEST NO. 34:

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks information related to individuals who are not members of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All "receipts" or other "records documenting the purchases of member's customers and direct purchase customers" submitted to or otherwise maintained by Young Living, according to ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**RESPONSE TO REQUEST NO. 35:**

Young Living objects to this Request to the extent it is duplicative of Request for Production No. 4 above.  Young Living objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant and admissible evidence.  Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks sales data related to individuals who are not members of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All of Young Living's "detailed commission reports" and "Commission and Bonus Recap statements," as described in ¶¶7.1 through 7.6 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**RESPONSE TO REQUEST NO. 36:**

Young Living objects to this Request to the extent it is duplicative of Request for Production Nos. 6-8 above.  Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

24

**REQUEST FOR PRODUCTION NO. 37:**

Documents and Communications concerning, reflecting or otherwise related to Young Living's enforcement of its written requirement that its Members "abide by the 70% rule, which is that 70% of your inventory intended for sale has been sold prior to ordering more," as stated in ¶6.1 of Young Living's Policies and Procedures, effective January 2014, during the Relevant Period, including but not limited to all such Documents and Communications concerning compliance with and the tracking or confirmation of compliance with said written requirement, as well as any disciplinary measures or other actions taken or contemplated by Young Living for violation(s)—actual or possible—of said written requirement.

**RESPONSE TO REQUEST NO. 37:**

Young Living objects to this Request insofar as it seeks information outside of the

relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to

this Request insofar as it seeks communications which are not relevant to class certification.

Young Living will not search for documents in response to this Request on the basis that

this Request seeks only merits-based information.

**REQUEST FOR PRODUCTION NO. 38:**

Documents and Communications concerning, reflecting or otherwise related to Young Living's assessments, evaluations, analyses, forecasting, projections, calculations or other measurements of consumer demand for Young Living products in the United States during the Relevant Period.

**RESPONSE TO REQUEST NO. 38:**

Young Living objects to this Request on the ground that it is overly broad, unduly

burdensome, and not likely to lead to the discovery of admissible evidence.  Young Living

further objects to this Request insofar as it seeks information outside of the relevant time period,

which is July 2, 2016 to July 31, 2018, and seeks information related to individuals who are not

members of Plaintiff's putative class.

Young Living will not search for documents in response to this Request on the basis that

this Request seeks only merits-based information.

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications concerning, reflecting or otherwise related to Young Living's supply, production and output of Young Living Products in the United States during the Relevant Period, including but not limited to, Young Living's bases for calculating or otherwise determining the quantity of products it produced and/or inventory products it maintained to make available for sale or otherwise meet or satisfy demand for its products during the Relevant Period.

**RESPONSE TO REQUEST NO. 39:**

Young Living objects to this Request to the extent it is duplicative of Request for Production No. 38 above.  Young Living further objects to this Request on the ground that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018, and seeks information related to individuals who are not members of Plaintiff's putative class.

Young Living will not search for documents in response to this Request on the basis that this Request seeks only merits-based information.

**SPECIFIC OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person whose "work, opinions, information, representations, and advice" You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164).

**RESPONSE TO INTERROGATORY NO. 1:**

Young Living objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine.  Young Living further objects to this Interrogatory insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this

Interrogatory insofar as it seeks information that is not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living states it acted in good faith and in reasonable reliance upon the advice of its legal counsel.

**INTERROGATORY NO. 2:**

Identify each Document and Communication that You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164).

**RESPONSE TO INTERROGATORY NO. 2:**

Young Living objects to this Interrogatory insofar as it seeks information that is protected from disclosure by the attorney-client privilege and the work product doctrine. Young Living objects to this Interrogatory insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Interrogatory insofar as it seeks communications which are not relevant to class certification.

**INTERROGATORY NO. 3:**

If You answer Request for Admission Nos. 4 or 5 below with anything other than an unequivocal admission ("Admitted"), identify and state in detail each fact, document and/or other justification or rationale supporting Your answer.

**RESPONSE TO INTERROGATORY NO. 3:**

Young Living objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine.  Young Living objects to this Interrogatory as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Young Living further objects to this Interrogatory insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Interrogatory as premature and not relevant to class certification.  Young Living further objects to this Interrogatory as improperly calling for

a legal conclusion.

**INTERROGATORY NO. 4:**

Identify each application, platform and/or software used to calculate member earning, payments and sales data in Your production of YL_OSHAH0000187, YL_OSHAH0000188, YL_OSHAH0000189, YL_OSHAH0000190.

**RESPONSE TO INTERROGATORY NO. 4:**

Young Living states that the platform used to calculate member earning, payments and

sales data in the referenced productions is PL/SQL in Young Living's Legacy Oracle database.

**INTERROGATORY NO. 5:**

Identify each custodian in charge of updating and keeping records calculating member earning, payments and sales data in Your production of YL_OSHAH0000187, YL_OSHAH0000188, YL_OSHAH0000189, YL_OSHAH0000190.

**RESPONSE TO INTERROGATORY NO. 5:**

Young Living identifies Chris Gibbons, Executive Director, Technology, IT

Development, as the custodian in charge of updating and keeping records calculating member

earning, payments and sales data as reflected in Young Living's production of

YL_OSHAH0000187, YL_OSHAH0000188, YL_OSHAH0000189, YL_OSHAH0000190.

**SPECIFIC OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Young Living Members are required to be responsible for paying the costs of [their] business, including travel, entertainment, office, clerical, legal, equipment, accounting, license fees, insurance premiums, and general expenses without advances, reimbursements, or guarantees from Young Living.

**RESPONSE TO REQUEST NO. 1:**

Young Living objects to this Request insofar as it seeks information outside of the

relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, Young Living denies this Request.

## REQUEST FOR ADMISSION NO. 2:

Admit that, from 2016 to present, Young Living has never paid or otherwise reimbursed Young Living Members for "the costs of [their] business, including travel, entertainment, office, clerical, legal, equipment, accounting, license fees, insurance premiums, and general expenses."

## RESPONSE TO REQUEST NO. 2:

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.

Subject to and without waiving the foregoing objections, Young Living denies this Request.

## REQUEST FOR ADMISSION NO. 3:

Admit that the "work, opinions, information, representations, and advice" You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164) include communications and/or advice from attorneys.

## RESPONSE TO REQUEST NO. 3:

Young Living objects to this Request to the extent it calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine. Young Living further objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018. Young Living further objects to this Request because it relates to issues that are not relevant to class certification.

Subject to and without waiving the foregoing objections, Young Living admits that it acted in good faith and in reasonable reliance upon the advice of its legal counsel. Young Living denies any and all remaining allegations set forth in this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Young Living took no action to enforce compliance with "the 70% rule" described in ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**RESPONSE TO REQUEST NO. 4:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request as premature and not relevant to class certification.  Young Living objects to this Request insofar as the words "enforce" and "compliance" are undefined, subject to multiple definitions, and are therefore vague and ambiguous.  Young Living further objects to this Request to the extent it improperly calls for a legal conclusion with respect to "the 70% rule." *See In the Matter of Amway Corp.*, 93 F.T.C. 618, 679-80 (1979).

Subject to and without waiving the foregoing objections, Young Living denies this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Young Living implemented no measure or mechanism to track or monitor compliance by its Members with "the 70% rule" described in ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period.

**RESPONSE TO REQUEST NO. 5:**

Young Living objects to this Request insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018.  Young Living further objects to this Request as premature and not relevant to class certification.  Young Living objects to this Request insofar as the word "compliance" is undefined, subject to multiple definitions, and is therefore vague and ambiguous.  Young Living further objects to this Request to the extent it improperly calls for a legal conclusion with respect to "the 70% rule."  *See In the Matter of*

30

*Amway Corp.*, 93 F.T.C. 618, 679-80 (1979).

Subject to and without waiving the foregoing objections, Young Living denies this Request.

DATED:  March 16, 2023

Respectfully submitted,

By:  */s/ Jon David Kelley*
Jeremy A. Fielding (*pro hac vice*)
Olivia Adendorff (*pro hac vice*)
Jon David Kelley (*pro hac vice*)
Rachael A. Rezabek (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, Texas 75205
Phone:  214-972-1770
Fax:  214-972-1771
jeremy.fielding@kirkland.com
olivia.adendorff@kirkland.com
jon.kelley@kirkland.com
rachael.rezabek@kirkland.com

Stefan H. Atkinson (*pro hac vice*)
Christopher X. Fernandez (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Phone:  212-446-4803
Fax:  212-446-4900
stefan.atkinson@kirkland.com
christopher.fernandez@kirkland.com

Robert S. Clark
Jeffrey J. Hunt
David C. Reymann
Bryan S. Johansen
**PARR BROWN GEE & LOVELESS**
101 S 200 E Ste 700
Salt Lake City, UT 84111
Phone:  801-532-7840
Fax:  801-532-7750
rclark@parrbrown.com
jhunt@parrbrown.com
dreymann@parrbrown.com
bjohansen@parrbrown.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has

been served on counsel of record via electronic mail.

<u>/s/ *Jon David Kelley*</u>
Jon David Kelley

## <u>VERIFICATION</u>

K.C. Barrow, on behalf of Young Living Essential Oils, LC, having reviewed the responses to Interrogatories contained herein, hereby affirms and declares that the responses to those Interrogatories are true and correct to the best of my knowledge, information, and belief.

DATED this 16th day of March 2023.

*/s/ K.C. Barrow**
For Young Living Essential Oils, LC

*\*Electronically signed with permission*

-34-

EXHIBIT C

# MUNCK WILSON MANDALA
### Trials. Transactions. Technology.

JENIFER WALLIS                                      E-MAIL: JWALLIS@MUNCKWILSON.COM
DIRECT DIAL: 310-601-1105

April 5, 2023

**Via Email:**
Jon David Kelley
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205

**Re:**  ***O'Shaughnessy v. Young Living Essential Oils, LC D/B/A Young Living Essential Oils** – Defendant's Responses and Objections to Plaintiff's Third Set of Discovery Requests*

Counsel:

We are in receipt of Young Living's responses ("Responses") to Plaintiff's First Set of Interrogatories and Third Set of Requests for Production ("Third Requests") in the above-referenced matter. This letter serves as Plaintiff's "prompt written communication" to resolve the Responses' deficiencies without court assistance, as required by DUCivR 37-1(a)(2). Specifically, and in accordance with DUCivR 37-1(a)(2)(A) and (B), this letter: (A) identifies the discovery requests at issue, the responses, and specifies why those responses and objections are inadequate, and (B) requests to meet and confer with Young Living's counsel at suggested dates and times.

As an initial matter, the Responses admit that Young Living answered discovery without first conducting a reasonable search, in dereliction of Federal Rule of Civil Procedure 26(g)(1). *See* Responses to RFPs 1–7 (stating certain documents may be provided "after conducting a reasonable search"). Unfortunately, this is the *third consecutive* set of discovery responses wherein Young Living has admitted it failed to conduct a reasonable search before responding. Young Living's repeated failure to comply with its discovery obligations will not be tolerated. If these failures are not timely remedied, we will have no choice but to seek Court intervention, as we will not continue to engage in lengthy meet-and-confer letters and telephone conferences in an attempt to correct Young Living's deliberate derelictions.

In addition to this wholesale failure, each Response includes boilerplate objections that fail to indicate what, if anything, will be produced, when we can expect such production, whether responsive information is being withheld and on what basis, and what information is unavailable or non-existent. This is plainly impermissible. *See, e.g., Billy v. Edge Homes, LLC,* 2021 WL 764119, at \*7 (D. Utah Feb. 26, 2021) (granting motion to compel where discovery responses "impermissibly relied on boilerplate objections and vague assertions of privilege"); *Smash Tech., LLC v. Smash Sols., LLC,* 335 F.R.D. 438, 446 (D. Utah 2020) ("[A] responding party's objections must have a special determining quality that is peculiar to or characteristic of the request to which the responding party is objecting." (internal quotations omitted)). As a result, the Responses are

Jon David Kelley
Page 2

categorically deficient and serve no purpose other than to unnecessarily delay litigation and invert discovery burdens.

The discovery requests at issue, the responses, and specifics as to why those responses and objections are inadequate are identified below:

### *Young Living's General Objections*

1.     This objection purportedly applies to "each" Third Request "to the extent" it calls for "information protected from discovery by attorney-client privilege, the attorney work product doctrine, and/or any joint defense privilege or doctrine," or is "otherwise protected" under the Federal Rules of Civil Procedure, the Court's local rules, or statutory or case law.

> **<u>Why This Objection is Inadequate</u>**:  The inclusion of "to the extent" renders this objection a nullity, as it is entirely unclear whether or to what extent Young Living claims any given Third Request is seeking protected information and which protection Young Living claims applies. This District has explicitly rejected the use of "to the extent" objections in no uncertain terms:
>
>> Further, the "to the extent that" moniker does not satisfy the specificity requirement because the objecting party is not even definitively contending that there is an actual, objection-worthy problem in the request. "To the extent that" is a feeble "maybe" objection behind which the objector lacks the resolve to definitively state whether something actually occurred that warrants objecting. It is the equivalent of saying, "I am not sure that this request is worthy of objection, but if it is, then I object." Imagine trying such a tactic at trial. Counsel begins to examine a witness, and opposing counsel rises and objects "to the extent that" any of the examining counsel's questions or the witness's answers violate a privilege, rule of evidence, or rule of procedure. Besides rightfully evoking the trial judge's ire, such "generalized objections" preserve nothing on appeal. Not surprisingly, the generalized "to the extent that" objection also lacks the requisite specificity to comply with Rules 33 and 34.
>
> *Smash Tech., LLC*, 335 F.R.D. at 447 (internal footnotes omitted). This deficiency is rampant and repeated throughout the Responses, rendering the Responses non-compliant with the Federal Rules in each such instance.
>
> Further, although Young Living vaguely attempts to invoke multiple privileges, it has failed to provide a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A). This too is impermissible. *See Billy*, 2021 WL 764119, at *6 ("[W]hen the basis for withholding documents is privilege, the party must [provide a] privilege log or other document that 'describe[s] the nature of the documents, communications, or tangible things

Jon David Kelley
Page 3

not produced or disclosed ... in a manner that ... will enable other parties to assess the claim.'") (citations omitted). As such, Young Living must either provide a privilege log or amend its Responses to withdraw these boilerplate and unsupported objections.

Moreover, as we previously discussed on the phone and address further below, Young Living has plainly waived privilege in this matter under black-letter law. That is, even if Young Living had or could have supported these vague assertions, its abuse of the privileges as both a sword and a shield has rendered them ineffective and improper.

2.      This objection purportedly applies to "each" Third Request "to the extent" it is "overbroad, unduly burdensome, encompasses people and entities that are not parties to this litigation, or calls for the disclosure of confidential information of third parties protected from disclosure by law."

> **Why This Objection is Inadequate**:  Same as above, the inclusion of "to the extent" undermines, if not wholly negates, Young Living's reliance on this objection. It is entirely unclear whether or to what extent Young Living claims any given Third Request is some undefined combination of overbroad, unduly burdensome, encompasses persons not subject to this litigation, or seeks confidential third-party information. Plaintiff incorporates the first portion of her response to Paragraph 1 of the General Objections (discussing this District's rejection of "to the extent" objections, as held in *Smash Tech., LLC*, 335 F.R.D. at 447) as if fully set forth herein. *See also Billy*, 2021 WL 764119, at *7 (discovery responses cannot "rel[y] on boilerplate objections and vague assertions of privilege").

> Regardless, the Third Requests are inherently limited to information and documents in Young Living's possession, custody, and/or control; it is immaterial whether said information encompasses or relates to persons not subject to this litigation—it is still discoverable. Young Living may not unilaterally determine relevance and set the scope for class certification discovery. Further, any third-party confidentiality issues should be captured by and addressed in the parties' Stipulated Protective Order and the Court's standing Protective Order. Finally, Young Living has no basis to conclude certain Third Requests are unduly burdensome without first attempting to conduct a reasonable search. Please withdraw this ill-defined blanket objection and indicate, with certainty, whether each Third Request is either overbroad, unduly burdensome, or seeks information "protected from disclosure by law" (which should also be reflected in a privilege log).

4.      This objection objects to "discovery related to the merits."

> **Why This Objection is Inadequate**:  While we agree that discovery is currently focused on class certification issues, Young Living is improperly using this blanket objection to prevent Plaintiff from discovering facts and information pertinent to the Court's class

Jon David Kelley
Page 4

certification decision. That is, like its improper abuse of the attorney-client privilege, Young Living is unfairly refusing to provide discovery necessary for Plaintiff to meet her burden under Rule 23 at the class certification stage of this litigation.

Thus, at this juncture and as discussed further below, Young Living must either: (1) withdraw this ineffective blanket objection to each of Plaintiff's applicable requests to which it was asserted and produce the information withheld on this basis; or (2) agree to enter a stipulation to the effect that either (a) each prerequisite to class certification under Rule 23(a) and (b)(3) are satisfied here, or (b) Plaintiff need not meet nor carry any evidentiary or other burden of proof or persuasion with respect to Rule 23's requirements, in order for the Court to certify the putative Class in this matter.

<u>Please promptly advise us of Young Living's election by Wednesday, April 12, 2023; otherwise, Plaintiff will have no choice but to seek the Court's immediate intervention.</u>

6.      This objection purportedly "incorporates these General Objections into each and every Response provided herein."

**<u>Why This Objection is Inadequate</u>**:  Plaintiff incorporates her responses to Paragraphs 1 and 2 of the General Objections as if fully set forth herein. For the reasons discussed above, please withdraw this ineffective blanket objection.

### *Young Living's Objections to Definitions and Instructions*

1.      This objection purportedly applies "to the extent" any one of Plaintiff's Definitions "renders the [Third Requests] vague, ambiguous, overbroad, and uncertain."

**<u>Why This Objection is Inadequate</u>**:  This objection fails to indicate which of Plaintiff's Definitions are either vague, ambiguous, overbroad, and/or uncertain. Accordingly, Plaintiff has no opportunity to clarify, redefine, or otherwise explain the meaning of any Definition. Plaintiff incorporates the first portion of her response to Paragraph 1 of the General Objections (discussing this District's rejection of "to the extent" objections, as held in *Smash Tech., LLC*, 335 F.R.D. at 447) as if fully set forth herein. *See also Billy*, 2021 WL 764119, at *7 (discovery responses cannot "rel[y] on boilerplate objections and vague assertions of privilege"). Please withdraw this blanket objection and state which Definitions, specifically, Young Living finds unintelligible, including why and how Young Living construed the term as it was used in any specific Third Request. To the extent Young Living has a different understanding of any defined term, please detail the same to better facilitate a subsequent meet and confer. If Young Living's objection to any Definition is simply a disagreement about meaning—as opposed to a misunderstanding or lack of understanding—please amend or supplement Young Living's Responses to the Third Requests based on Plaintiff's definition.

Jon David Kelley
Page 5

2.      This objection purports to reject Plaintiff's definition of "You," "Your," and "Yourself"
and limits the same only to "Young Living and its officers, directors, and employees." Plaintiff's
definition is found in paragraph 20 on page 5 of Plaintiff's Third Requests.

> **Why This Objection is Inadequate**:  Young Living's objection inappropriately re-writes
> Plaintiff's Third Requests. Information and documents from any successors, predecessors,
> internal divisions, subsidiaries, agents, and/or persons acting on Young Living's behalf—
> all of which are captured in Plaintiff's definition of "You"—that relate to Plaintiff's claims
> are certainly discoverable. The Third Requests are inherently limited to information and
> documents within Young Living's possession, custody, or control. Importantly, "control"
> includes information and documents "You" have a right and ability to access. Thus, "You,"
> "Your," and "Yourself" shall retain the definition Plaintiff delineated in the Third
> Requests. Please amend or supplement Young Living's Responses to the Third Requests
> accordingly.

3.      This objection purports to reject Plaintiff's definition of the "Relevant Time Period" as
being "overly broad and unduly burdensome" because "it purports to extend the relevant time
period to the present." Plaintiff's definition is found in paragraph 17 on page 5 of Plaintiff's Third
Requests.

> **Why This Objection is Inadequate**:  During the parties' meet and confer on Tuesday,
> April 4, 2023, Plaintiff's counsel made clear why this inappropriate and problematic
> objection must be withdrawn and promptly remedied by Young Living. We agreed to allow
> you time to consult once more with your client and provide Young Living's final position
> on this issue by or before Monday, April 10, 2023. While we expect your decision will
> moot this issue—or, if you refuse to withdraw the objection and begin properly responding
> to Plaintiff's requests, result in more delay due to the need for Court intervention—we must
> address it again here, including by incorporating our prior discussions and correspondence
> on the issue herein.

Plaintiff is entitled to discover information that may lead to relevant, admissible evidence.
*See* Fed. R. Civ. P. 26(b)(1). Considering potential class members may still be Young
Living Essential Rewards Members, Plaintiff is entitled to discover information about the
same. Indeed, the proposed class definition in Plaintiff's Third Amended Class Action
Complaint (ECF 146, ¶ 66) includes: "All United States residents who joined Young Living
as Essential Rewards members." The only excluded persons are: "Defendant and its
officers, directors, counsel, and subsidiaries, along with immediate family members or
individual Defendants." *Id*. Young Living is not the independent arbiter of relevance, nor
is Young Living the master of Plaintiff's complaint. *See Smith v. BNSF Railway Co.*, 2018
WL 11436420, at *5 (D. Colo. March 28, 2018) ("[A]n opposing party cannot unilaterally

Jon David Kelley
Page 6

decide what is relevant."); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) ("[A] party should not be limited by its opponent's theory of the case in determining what is discoverable."); *Ramon v. Nebo School District*, 493 P.3d 613, 618 (Utah 2021) ("[W]e treat the plaintiff as the 'master of the complaint.'"). Plaintiff's definition of "Relevant Time Period" (*i.e.*, from July 2016 to present) shall apply.

While Young Living summarily states elsewhere in the Responses that the "relevant time period [] is July 2, 2016 to July 31, 2018," Young Living never provides any support or justification for this conclusory—and unilateral—limitation. While telling, this also is unsurprising. Young Living is aware of the Court's previous ruling that, once a class member enrolled in the Young Living Essential Rewards program by entering "the initial contract," "each subsequent monthly payment constituted an additional purchase of a security." *See* Tr. of Mtn. to Dismiss Hrg. Before the Honorable Howard C. Nielson, Jr. (Feb. 23, 2022) ("MTD Hrg. Tr.") at 47:6–49:13. Thus, at an indisputable minimum, there can be no argument that information concerning each Essential Rewards member, who enrolled or joined between July 2016 and July 2018, and each of their "subsequent monthly payment[s,]" as well as all Young Living policies and practices, each month thereafter and continuing up until the present, are relevant and discoverable. That is, based on the Court's prior rulings in this case alone, the "Relevant Time Period" for discovery in this class action is and must be inclusive of at least the period "from July 2016 to present." *See id.*

Please confirm that Young Living withdraws this unsupported objection and unilateral limitation in its Responses and is fully complying with the Third Requests by searching for and producing potentially responsive documents and/or other requested information covering the entire Relevant Time Period—as defined by Plaintiff—for discovery in this matter.

4.    This objection purports to reject Plaintiff's definition of "Essential Reward Member Data" as being "overly broad and unduly burdensome" because "it seeks information outside the relevant time period." Young Living then limits the controlling time period of this definition to "July 2, 2016 to July 31, 2018." Plaintiff's definition is found in paragraph 9 on page 3 of Plaintiff's Third Requests.

**Why This Objection is Inadequate**:  Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Third Requests accordingly.

5.    This objection purports to reject Plaintiff's definition of "Sales Data" as being "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because

Jon David Kelley
Page 7

it seeks information about Young Living consumers not in the punitive class." Young Living further objects to Plaintiff's definition as being "irrelevant, burdensome, and harassing." Plaintiff's definition is found in paragraph 18 on page 5 of Plaintiff's Third Requests.

> **Why This Objection is Inadequate**:  Information need not be limited to potential class members to be relevant and discoverable for class certification purposes. Further, class certification issues are not inherently limited to member-specific questions. *See, e.g., Soseeah v. Sentry Ins.*, 2013 WL 11327129 (D.N.M. Nov. 4, 2013); *In re Urethane Antitrust Litigation*, 237 F.R.D. 454 (D. Kan. 2006). Discoverable, relevant information includes product values, consumer demand, financial data, direct sales to end-consumers (if any), corporate policies and any enforcement thereof, and other questions that relate to class certification. Accordingly, Plaintiff's definition of "Sales Data" shall control the Third Requests. Please amend or supplement Young Living's Responses to the Third Requests accordingly.

6.      This objection purports to reject Plaintiff's definition of "Relating to" as being "overly broad and unduly burdensome" because it "impose[s] obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law." Plaintiff's definition is found in paragraph 16 on page 5 of Plaintiff's Third Requests.

> **Why This Objection is Inadequate**:  This impermissible boilerplate objection fails to articulate why or how Plaintiff's definition imposes obligations beyond the permissible scope of any law or controlling rule. *See Billy*, 2021 WL 764119, at *7; *Smash Tech., LLC*, 335 F.R.D. at 447. Please withdraw this baseless blanket objection and amend or supplement Young Living's Responses to the Third Requests accordingly.

7.       This objection is virtually the same as Paragraph 6 of the Objections to Definitions and Instructions above, but it purports to apply to Plaintiff's definition of "Communication(s)." Plaintiff's definition is found in paragraph 3 on page 2 of Plaintiff's Third Requests.

> **Why This Objection is Inadequate**:  Please see Paragraph 6 of the Objections to Definitions and Instructions directly above, which is incorporated by reference as if fully set forth herein. For the reasons discussed above, please withdraw this ineffective blanket objection and amend or supplement Young Living's Responses to the Third Requests accordingly.

8.      This objection is virtually the same as Paragraphs 6 and 7 of the Objections to Definitions and Instructions above, but it purports to apply to Plaintiff's definition of "Document(s)." Plaintiff's definition is found in paragraph 7 on page 3 of Plaintiff's Third Requests.

> **Why This Objection is Inadequate**:  Please see Paragraphs 6 and 7 of the Objections to Definitions and Instructions directly above, which are incorporated by reference as if fully

Jon David Kelley
Page 8

set forth herein. For the reasons discussed above, please withdraw this ineffective blanket objection and amend or supplement Young Living's Responses to the Third Requests accordingly.

9.      This objection purports to reject Plaintiff's instructions "to the extent they purport to require or impose any obligations inconsistent with the Protective Order entered by the Court."

**Why This Objection is Inadequate**:  As an initial matter, Plaintiff incorporates the first portion of her response to Paragraph 1 of the General Objections (discussing this District's rejection of "to the extent" objections, as held in *Smash Tech., LLC*, 335 F.R.D. at 447) as if fully set forth herein. *See also Billy*, 2021 WL 764119, at *7 (discovery responses cannot "rel[y] on boilerplate objections and vague assertions of privilege").

This objection fails to articulate why or how Plaintiff's instructions, specifically Instruction No. 8, conflict with the Protective Order. They do not. Indeed, Instruction No. 8 simply asks that Young Living mark documents as confidential within the Bates range rather than using an obstructive or disruptive watermark; the Stipulated Protective Order (ECF 170) does not speak to where, on each document, any designation should be made. Notwithstanding, Plaintiff agrees that the Protective Order controls; however, the Protective Order should not be used as both a shield and sword in discovery to withhold responsive information or documents, nor does it provide grounds for the same. Rather, the Protective Order provides guidance for how to produce responsive, but sensitive, information. Please withdraw this baseless blanket objection and amend or supplement Young Living's Responses to the Third Requests accordingly.

10.     This objection "incorporates these Objections to Definitions and Instructions into each and every Response provided herein."

**Why This Objection is Inadequate**:  Plaintiff incorporates her responses to Paragraphs 1 through 9 of the Objections to Definitions and Instructions as if fully set forth herein. For the reasons discussed above, please withdraw this ineffective blanket objection.

***Young Living's Specific Objections and Responses to Plaintiff's Third Set of Discovery – Requests for Production***

*<u>Generally</u>*:

For each Response to every RFP, Young Living has failed to identify (by title or description) what it intends to produce, what it is withholding, and on which specified basis, and what does not exist. As discussed at length herein, that is plainly unacceptable. Please amend or

Jon David Kelley
Page 9

supplement each of Young Living's Responses to the RFPs by immediately identifying: (1) the specific documents that will be produced (by title and Bates number); (2) any documents being withheld and the basis therefor (which will necessitate a privilege log); (3) requests for which there is no responsive information in existence; and (4) a date certain for production of each document identified in part 1.

Further, and applying equally to each RFP, according to the parties' ESI Protocol (ECF 199-2), before or when serving responses and objections, Young Living must disclose: (a) the process for the determination of custodians; (b) the process for the determination of custodial and non-custodial data sources; (c) search methodologies (including search terms and filtering methods); (d) the search term development process; and (e) the process for other proposed filtering methods.

Regarding every response wherein Young Living states that it will produce responsive documents: Young Living served its objections on March 16, 2023, and has wholly failed to supplement its production with any responsive documents. Young Living has had more than two weeks within which to conduct its reasonable search and produce the documents. It neither reached out prior to serving only objections nor indicated after serving those nonresponsive objections when such production would be produced. As a result, if Plaintiff does not receive documents responsive to this request by Wednesday, April 12, 2023, Plaintiff will have no choice but to file a Motion to Compel. Although we have already met and conferred on this request on February 28, 2023, we are happy to meet and confer prior to Wednesday, April 12, 2023, and with sufficient time for Young Living to produce the (now twice) requested documents on or before that date.

**Response to Request for Production No. 1**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification." Finally, Young Living admits that it has failed to conduct a reasonable search for responsive documents and represents that it "will produce non-privileged documents within its possession, custody, or control that are responsive to this Request."

**Why This Objection/Response is Inadequate**: As an initial matter, Plaintiff incorporates her response to Paragraph 1 of the General Objections (discussing this District's rejection of "to the extent" objections, as held in *Smash Tech., LLC*, 335 F.R.D. at 447, and Young Living's failure to provide a privilege log) as if fully set forth herein. *See also Billy*, 2021 WL 764119, at *7 (discovery responses cannot "rel[y] on boilerplate objections and vague assertions of privilege"). As Young Living's Responses were served without a privilege log, Plaintiff has no way to evaluate this objection. *Id*. at *6 ("[W]hen the basis for withholding documents is privilege, the party must [provide a] privilege log or other document that 'describe[s] the nature of the documents, communications, or tangible things not produced or disclosed ... in a manner that ... will enable

Jon David Kelley
Page 10

other parties to assess the claim.'") (citations omitted). Young Living must either provide a privilege log or amend its Responses to withdraw this boilerplate and unsupported objection.

Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. Again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23.

Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph *"Generally" as* though fully set forth herein.

Finally, Young Living states in this Response that it will only produce "non-privileged documents within its possession, custody, or control that are responsive to this Request." However, Young Living proceeds to state in its Response to Interrogatory No. 1 that "it acted in good faith and in reasonable reliance upon the advice of its legal counsel." And Young Living's Ninth Defense states that it is "not liable because it acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom [Young Living] was entitled to rely." Young Living has therefore waived the attorney-client privilege as to the communication upon which it relied by placing that communication at issue in this case as a defense. Indeed, a party "cannot abuse the privilege by using a protected communication as evidence of a claim or defense but then refuse to divulge the communication. If a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot reasonably complain if it must then divulge that advice….A party asserting it received legal advice to establish a reliance on advice of counsel defense puts that advice at issue." *Klein v. Plaskolite, LLC*, 2022 WL 180639, at *2-3 (D. Utah Jan. 20, 2022) (defendant "asserting, as evidence of its good faith defense, that it relied on legal advice which led it to believe it was acting properly…put that legal advice at issue, waiving the attorney-client privilege"). This objection is addressed more fully in Plaintiff's comments to Young Living's Response to Interrogatory No. 1, which is incorporated as though fully set forth herein.

Young Living cannot therefore simultaneously assert the attorney-client privilege on these communications and assert reliance of counsel as its defense. Because Young Living has put these communications at issue and asserted the defense of reliance of counsel, it must disclose those communications upon which it relied. To the extent that any alleged attorney-client privileged communications fall outside of this waiver, a privilege log must be provided.

Jon David Kelley
Page 11

**Response to Request for Production No. 2**:  Young Living withholds information "pursuant to the parties' agreement as expressed in J. David Rowe's email correspondence to counsel, dated December 19, 2022[.]"

**Why This Objection/Response is Inadequate**: On February 28, 2023, Plaintiff's counsel Cody Hill and I participated in a meet and confer with you and Rachael Rezabek discussing our impending Motion to Compel, previously scheduled for March 8, 2023. During that conversation, you and Ms. Rezabek claimed confusion regarding Mr. Rowe's email, cited in your response. Mr. Hill and I stated in no uncertain terms that we were seeking COGS data, that we did not understand Mr. Rowe's email to act as a waiver of Plaintiff's seeking COGS data and that we were seeking that data from Young Living. We stated that due to your claimed confusion and to show good faith, we would take our March 8 Motion to Compel off calendar and that we would await substantive responses to our third set of discovery requests for Young Living to provide this data. Mr. Hill memorialized this conversation via email the same day. Your continued insistence on citing to Mr. Rowe's email as a basis for withholding this data can only be interpreted as willful and blatant bad faith discovery conduct. The documents and data requested in RFP No. 2 is critical to the analyses that Plaintiff's class certification experts must perform and complete to prepare their reports. Thus, Young Living's continued gamesmanship and refusal to produce this necessary discovery, which has already prejudiced—and will continue to prejudice—Plaintiff and the putative Class, appears to merely reflect a strategic effort to prevent Plaintiff and her experts from having a reasonable opportunity to comply with the current class certification schedule agreed to by the parties and ordered by the Court.

**Response to Request for Production No. 3**: Young Living objects to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear – documents sufficient to evidence each Young Living product sold – and the sales price thereof – by or to any Essential Rewards member. The definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

Jon David Kelley
Page 12

Young Living's "Response" to this Request –"Young Living invites Plaintiff to meet and confer regarding the scope of this Request"—is an evasive and inappropriate non-response. *See* Fed. R. Civ. P. 34 & 37. And it, like many others, reflects an improper strategic ploy to needlessly delay discovery in this matter.

**Response to Request for Production No. 4**: Young Living objects to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally"* as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear – documents sufficient to evidence each Young Living product sold – and the sales price thereof – by or to any Essential Rewards member. The definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 5**: Young Living objects to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally"* as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear – documents sufficient to evidence each Young Living product sold – and the sales price thereof – by or to any Essential Rewards member. The definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

Jon David Kelley
Page 13

Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. To be clear, the information requested in RFP No. 5 is fundamentally necessary information that Plaintiff's class certification experts must promptly receive in time to fully analyze in connection with their analyses and reports regarding class certification due in June. Among other issues, this information bears directly on these experts' models, methodologies and opinions regarding the measurement of classwide damages and other relief, as well as these experts' opinions concerning Young Living's operation as an unlawful pyramid scheme, which uniformly harmed the Class in the same manner. Thus, once again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23.

**Response to Request for Production No. 6**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects as duplicative and states that it has already provided this information.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally"* as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Furthermore, Young Living has not produced all actual commissions paid to each Essential Rewards Member, as it represents in its response.

**Response to Request for Production No. 7**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects as duplicative and states that it has already provided this information.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally"* as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Furthermore, Young Living has not produced all actual commissions paid to each Essential Rewards Member, as it represents in its response.

**Response to Request for Production No. 8**: Young Living objects to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living objects "insofar" as this Request "seeks information outside of the relevant time period,

Jon David Kelley
Page 14

which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 9**: Young Living objects to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 10**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

Jon David Kelley
Page 15

**Response to Request for Production No. 11**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living also objects that the request seeks communications not relevant to class certification. Young Living represents that it will produce non-privileged documents within its possession, custody or control.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally" as* though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

**Response to Request for Production No. 12**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living objects to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally" as* though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 13**: Young Living objects on the ground that the request is "vague and ambiguous." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally" as* though fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

Jon David Kelley
Page 16

Additionally, it is unclear how this request is "vague and ambiguous." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

It simply belies any credulity to suggest that marketing and promotional materials—*i.e.*, statements Young Living made and approved for distribution to putative Class Members—are "not relevant to class certification." As such, Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. To be clear, the information requested in RFP No. 13 is fundamentally necessary information that Plaintiff's class certification experts must promptly receive in time to fully analyze in connection with their analyses and reports regarding class certification due in June. Among other issues, this information bears directly on these experts' models, methodologies and opinions regarding the measurement of classwide damages and other relief, as well as these experts' opinions concerning Young Living's operation as an unlawful pyramid scheme, which uniformly harmed the Class in the same manner. Thus, once again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23.

**Response to Request for Production No. 14**: Young Living objects on the ground that the request is "vague and ambiguous." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "vague and ambiguous." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 15**: Young Living objects on the ground that the request is "overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018."

Jon David Kelley
Page 17

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "_Generally" as_ though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad and unduly burdensome." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 16**: Young Living objects on the ground that the request is "vague and ambiguous." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "_Generally" as_ though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "vague and ambiguous." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present." Young Living also objects that this request is duplicative of Request No. 13. These two requests are not duplicative. Request No. 13 seeks information regarding Young Living's marketing and promotional materials regarding becoming a Young Living Rewards Member. Request No. 16 seeks Young Living's marketing and promotional materials regarding Young Living's products themselves.

**Response to Request for Production No. 17**: Young Living objects on the ground that the request is "vague and ambiguous." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set

Jon David Kelley
Page 18

forth above in the introductory paragraph "*Generally*" as though fully set forth herein.  Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "vague and ambiguous." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 18**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "vague and ambiguous." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 19**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification." Young Living further objects that the request is "overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "vague and ambiguous." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

Young Living states in its Response to Interrogatory No. 1 that "it acted in good faith and in reasonable reliance upon the advice of its legal counsel." Young Living's Ninth Defense states

Jon David Kelley
Page 19

that it is "not liable because it acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom [Young Living] was entitled to rely." In Response to Interrogatory No. 1, Young Living "states that it acted in good faith and in reasonable reliance upon the advice of its legal counsel" Young Living has therefore waived the attorney-client privilege as to the communication upon which it relied by placing that communication at issue in this case as a defense. *See Klein v. Plaskolite, Inc.*, No. 2:19-cv-00832-DN-PK, 2022 WL 180639 (U.S.D.C. Utah Jan. 10, 2022). Young Living cannot therefore simultaneously assert the attorney-client privilege on these communications and assert reliance of counsel as its defense. Because Young Living has put these communications at issue and asserted the defense of reliance of counsel, it must disclose those communications upon which it relied. To the extent that any alleged attorney-client privileged communications fall outside of this waiver, a privilege log must be provided. This deficiency is fully addressed in Plaintiff's response regarding Interrogatory No. 1, below, which is incorporated as though fully set forth herein.

**<u>Response to Request for Production No. 20</u>**: Young Living objects on the basis of "attorney-client privilege and work product doctrine." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018."

**<u>Why This Objection/Response is Inadequate</u>**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

Young Living states in its Response to Interrogatory No. 1 that "it acted in good faith and in reasonable reliance upon the advice of its legal counsel." Young Living's Ninth Defense states that it is "not liable because it acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom [Young Living] was entitled to rely." In this response, Young Living "states that it acted in good faith and in reasonable reliance upon the advice of its legal counsel" Young Living has therefore waived the attorney-client privilege as to the communication upon which it relied by placing that communication at issue in this case as a defense. *See Klein v. Plaskolite, Inc.*, No. 2:19-cv-00832-DN-PK, 2022 WL 180639 (U.S.D.C. Utah Jan. 10, 2022). Young Living cannot therefore simultaneously assert the attorney-client privilege on these communications and assert reliance of counsel as its defense. Because Young Living has put these communications at issue and asserted the defense of reliance of counsel, it must disclose those communications upon which it relied. To the extent that any alleged attorney-client privileged communications fall outside of this waiver, a privilege log must be provided. This deficiency is fully addressed in Plaintiff's response regarding Interrogatory No. 1, below, which is incorporated as though fully set forth herein.

Jon David Kelley
Page 20

**Response to Request for Production No. 21**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

**Response to Request for Production No. 22**: Young Living objects on the basis that the request "is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control. Young Living further objects to this request "insofar as it seeks communications which are not relevant to class certification."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 23**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. The request

Jon David Kelley
Page 21

is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 24**: Young Living objects that the request is "unduly burdensome" as it seeks Young Living's "unaudited financial statements. Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Finally, Young Living cites to the documents that it previously produced on November 23, 2022 and December 27, 2022.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "unduly burdensome" The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present." Finally, the documents produced on November 23, 2022 and December 27, 2022 do not contain Young Living's audited and unaudited financial statements. To the extent this was an oversight, please produce the documents immediately.

**Response to Request for Production No. 25**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 26**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

Jon David Kelley
Page 22

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally"* as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 27**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living objects that the request is "vague and ambiguous" and that the request calls for information "protected by the attorney-client privilege and work product doctrine."

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally"* as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

Plaintiff incorporates her response to Paragraph 1 of the General Objections (discussing this District's rejection of "to the extent" objections, as held in *Smash Tech., LLC*, 335 F.R.D. at 447, and Young Living's failure to provide a privilege log) as if fully set forth herein. *See also Billy*, 2021 WL 764119, at *7 (discovery responses cannot "rel[y] on boilerplate objections and vague assertions of privilege"). As Young Living's Responses were served without a privilege log, Plaintiff has no way to evaluate this objection. *Id*. at *6 ("[W]hen the basis for withholding documents is privilege, the party must [provide a] privilege log or other document that 'describe[s] the nature of the documents, communications, or tangible things not produced or disclosed ... in a manner that ... will enable other parties to assess the claim.'") (citations omitted). Young Living must either provide a privilege log or amend its Responses to withdraw this boilerplate and unsupported objection.

Finally, Young Living states in its Response to Interrogatory No. 1 that "it acted in good faith and in reasonable reliance upon the advice of its legal counsel." Young Living's Ninth Defense states that it is "not liable because it acted in good faith and in reasonable reliance upon

Jon David Kelley
Page 23

the work, opinions, information, representations, and advice of others, upon whom [Young Living] was entitled to rely." In this response, Young Living "states that it acted in good faith and in reasonable reliance upon the advice of its legal counsel" Young Living has therefore waived the attorney-client privilege as to the communication upon which it relied by placing that communication at issue in this case as a defense. *See Klein v. Plaskolite, Inc.,* No. 2:19-cv-00832-DN-PK, 2022 WL 180639 (U.S.D.C. Utah Jan. 10, 2022). Young Living cannot therefore simultaneously assert the attorney-client privilege on these communications and assert reliance of counsel as its defense. Because Young Living has put these communications at issue and asserted the defense of reliance of counsel, it must disclose those communications upon which it relied. To the extent that any alleged attorney-client privileged communications fall outside of this waiver, a privilege log must be provided. This deficiency is addressed more fully in the section addressing Young Living's Response to Interrogatory No. 1 below, which is incorporated as though fully set forth herein.

**Response to Request for Production No. 28**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

    **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 29**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

    **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

Jon David Kelley
Page 24

Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

Young Living admits that it failed to even conduct a reasonable search before it served its objections: "after conducting a reasonable search, Young Living will produce non-privileged documents within its possession, custody, or control." Young Living served its objections (and no responsive documents) on March 16, 2023. Young Living has wholly failed to supplement its production with responsive documents. Young Living has had more than two weeks within which to conduct its reasonable search and produce the documents. It neither reached out prior to serving only objections nor indicated after serving those nonresponsive objections when such production would be produced. As a result, if Plaintiff does not receive documents responsive to this request by Wednesday, April 12, 2023, Plaintiff will have no choice but to file a Motion to Compel.

**Response to Request for Production No. 30**: Young Living objects to this request on the basis that it is duplicative of Request No. 29.

**Plaintiff's Response**: Young Living agrees and withdraws Request No. 30.

**Response to Request for Production No. 31**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 32**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living objects that this request seeks communications not relevant to class certification.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young

Jon David Kelley
Page 25

Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

This request seeks information relevant to class certification. Young Living operates as an illegal pyramid scheme but attempts to camouflage itself as a Multi-Level Marketing company (MLM). Young Living's business model is not selling products but recruiting members to its pyramid scheme. Any violations of Young Living's Code of Ethics from 2016 to present are relevant where such violations (if they exist) would evidence Young Living's business model and whether it upheld its Code of Ethics or attempted to operate as a legitimate MLM as opposed to illegal pyramid scheme. Moreover, Young Living's enforcement—or lack thereof—of its policies and Code of Ethics is overwhelmingly relevant to class certification, as it bears directly on Young Living's uniform course of conduct toward and treatment of Class Members. It simply belies any credulity to suggest that this Request No. 32 is "not relevant to class certification." As such, Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. To be clear, the information requested in RFP No. 32 is fundamentally necessary information that Plaintiff's class certification experts must promptly receive in time to fully analyze in connection with their analyses and reports regarding class certification due in June. Among other issues, this information bears directly on these experts' models, methodologies and opinions regarding the measurement of classwide damages and other relief, as well as these experts' opinions concerning Young Living's operation as an unlawful pyramid scheme, which uniformly harmed the Class in the same manner. Thus, once again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23

**Response to Request for Production No. 33**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please

Jon David Kelley
Page 26

amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 34**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

**Response to Request for Production No. 35**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living represents that it will produce non-privileged documents within its possession, custody or control.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

**Response to Request for Production No. 36**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request is duplicative of No. 6-8. Young Living represents that it will produce non-privileged documents within its possession, custody or control.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class

Jon David Kelley
Page 27

discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly.

**Response to Request for Production No. 37**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request seeks only merits-based information and communications irrelevant to class certification.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Plaintiff also incorporates her response to Young Living's specific objections as set forth above in the introductory paragraph "*Generally*" as though fully set forth herein. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

      This request goes to the heart of class certification. It simply belies any credulity to suggest that this Request No. 37 is "not relevant to class certification." As such, Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. To be clear, the information requested in RFP No. 37 is fundamentally necessary information that Plaintiff's class certification experts must promptly receive in time to fully analyze in connection with their analyses and reports regarding class certification due in June. Among other issues, this information bears directly on these experts' models, methodologies and opinions regarding the measurement of classwide damages and other relief, as well as these experts' opinions concerning Young Living's operation as an unlawful pyramid scheme, which uniformly harmed the Class in the same manner. Thus, once again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23.

**Response to Request for Production No. 38**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request seeks only merits-based information and communications irrelevant to class certification.

      **Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests

Jon David Kelley
Page 28

accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

This request goes to the heart of class certification. It simply belies any credulity to suggest that this Request No. 38 is "not relevant to class certification." As such, Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. To be clear, the information requested in RFP No. 38 is fundamentally necessary information that Plaintiff's class certification experts must promptly receive in time to fully analyze in connection with their analyses and reports regarding class certification due in June. Among other issues, this information bears directly on these experts' models, methodologies and opinions regarding the measurement of classwide damages and other relief, as well as these experts' opinions concerning Young Living's operation as an unlawful pyramid scheme, which uniformly harmed the Class in the same manner. Thus, once again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23.

**Response to Request for Production No. 39**: Young Living objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living objects that the request seeks only merits-based information and communications irrelevant to class certification.

**Why This Objection/Response is Inadequate**: Plaintiff incorporates her response to Paragraph 3 of the Objections to Definitions and Instructions as if fully set forth herein. Young Living cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery. Please amend or supplement Young Living's Responses to the Second Requests accordingly. Additionally, it is unclear how this request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." The request is clear and the definitions make clear that the relevant time period for said request "is January 1, 2015 through the present."

This request goes to the heart of class certification. It simply belies any credulity to suggest that this Request No. 39 is "not relevant to class certification." As such, Plaintiff further incorporates her response to Paragraph 4 of the General Objections above herein. The information requested is plainly relevant to both the "merits" and "class certification" issues, and Young Living's attempt to separate the two is improper and ineffective. To be clear, the information requested in RFP No. 39 is fundamentally necessary information that Plaintiff's class certification experts must promptly receive in time to fully analyze in connection with their analyses and reports regarding class certification due in June. Among other issues, this information bears directly on these experts' models, methodologies and opinions regarding the measurement of classwide damages and other relief, as well as these experts' opinions concerning Young Living's operation as an unlawful pyramid scheme, which uniformly harmed the Class in the same manner. Thus,

Jon David Kelley
Page 29

once again, Young Living can either: (1) withdraw this objection and promptly produce the requested information; or (2) stipulate to class certification under Rule 23.

***Young Living's Specific Objections and Responses to Plaintiff's Third Set of Discovery – Interrogatories***

**Response to Interrogatory No. 1**: Young Living objects "to the extent" that this request "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine." Young Living also objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects "insofar" as this request "seeks information that is not relevant to class certification."

**Why This Response is Inadequate**: Young Living's Ninth Defense states that it is "not liable because it acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom [Young Living] was entitled to rely." In this response, Young Living "states that it acted in good faith and in reasonable reliance upon the advice of its legal counsel." This Response is evasive and incomplete under Rules 33 and 37 because it fails to identify "each" of its legal counsel who purportedly provided the advice upon which Young Living's "good faith" affirmative defense rests.

While it remains evasive and incomplete, this Response affirmatively and definitively waived Young Living's purported attorney-client and/or work product privilege claims by voluntarily putting this advice and all of the circumstances surrounding it squarely at issue in this case. This is fundamental, black-letter law.

When a party goes "beyond mere denial" to affirmatively assert its "good faith" belief in the lawfulness of its conduct, that party has "injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1418-20 (11th Cir. 1994) ("attorney-client privilege was intended as a shield, not a sword"); *United States v. Bilzerian*, 926 F.2d 1285, 1292-94 (2d Cir.), *cert. denied*, 502 U.S. 814 (1991) (same); *see also, e.g.*, 2 Paul R. Rice, et al., *Attorney-Client Privilege in the United States* §9:53 (Dec. 2022 Update) ("The most common situation in which courts have found waiver is where the client claims that he acted on the 'good faith' belief that his conduct was reasonable and legal."). "As the Tenth Circuit has noted, by raising an advice-of-counsel defense, a party thereby waives the attorney-client privilege regarding the advice counsel has given the party on the issue." *United States v. Koerber*, No. 2:09-cr-00302, 2013 WL 2407662, at *3-4 (D. Utah May 31, 2013) (citing *United States v. Evanson*, 584 F.3d 904, 914 (10th Cir. 2009)). Thus, as this Court and others within the Tenth Circuit have made clear:

> Reliance on the defense that a party acted on the advice of counsel results in a waiver of the attorney-client privilege and the work product rule. If a party asserts

Jon David Kelley
Page 30

> as an essential element of his defense reliance upon the advice of counsel, the party
> waives the privilege with respect to all communications, whether written or oral, to
> or from counsel concerning the transactions for which counsel's advice was sought.
> In other words, the advice of counsel defense requires full disclosure of all material
> facts.

*Id.* (citing, *inter alia*, *Kovacs v. Hershey Co.*, No. 04-cv-01881-WYD-BNB, 2006 WL 2781591,
at *6 (D. Colo. Sept. 26, 2006); *B.H. v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 655 (N.D.
Okla. 2005); *Evello Invs. N.V. v. Printed Media Servs.*, No. 94-2254-EEO, 1995 U.S. Dist. LEXIS
4069, at *17 (D. Kan. Mar. 23, 1995); *Downs v. Brasted*, No. 92-1611-MLB, 1993 WL 273369,
at *1 (D. Kan. June 23, 1993)).

A party "cannot abuse the privilege by using a protected communication as evidence of a
claim or defense but then refuse to divulge the communication. If a party claims it was acting in
good faith because it relied on the advice of an attorney, the party cannot reasonably complain if
it must then divulge that advice….A party asserting it received legal advice to establish a reliance
on advice of counsel defense puts that advice at issue." *Klein v. Plaskolite, LLC*, 2022 WL 180639,
at *2-3 (D. Utah Jan. 20, 2022) (defendant "asserting, as evidence of its good faith defense, that it
relied on legal advice which led it to believe it was acting properly…put that legal advice at issue,
waiving the attorney-client privilege"). And a "party indicating it relied on counsel's
communication in making a decision clearly puts the 'substance' of that communication at issue."
*Id.*, at *3 n.28 (citing *Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 469-70 (E.D. Mich. 2008)
("By including consultations with counsel as a basis for its good faith, Quicken has transformed
the defense of good faith into a 'good faith reliance on counsel' defense," which "requires that the
privilege be put aside in order for the plaintiff to test the defendant's contentions")).

As such, Young Living "cannot on the one hand claim as a defense that [it] relied on the
advice of [its] counsel," while simultaneously "invoking the attorney-client privilege to prevent
the plaintiffs from exploring fully the substance and circumstances of that advice." *Sedillos v. Bd.
Of Educ. Of School Dist. No. 1 in City and County of Denver*, 313 F. Supp. 2d 1091, 1093-94 (D.
Colo. 2004) (citing, *inter alia*, *United States v. Workman*, 138 F.3d 1261, 1263-64 (8th Cir. 1998);
*Bilzerian*, 926 F.2d at 1292; *United States v. Bernard*, 877 F.2d 1463, 1465 (10th Cir. 1989); *Sedco
Int'l, S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982)). Because Young Living has put these
communications at issue and asserted the affirmative defense of "good faith" and "reliance on the
advice of counsel," Young Living has waived any privilege related to this defense, as well as the
advice it sought or received and all circumstances related thereto, and it must promptly and fully
produce all such information on the subject that it has previously withheld and refused to produce
or disclose in response to any of Plaintiff's discovery requests.

As a result, by Wednesday, April 12, 2023, please: (1) serve amended responses to this and
all other Interrogatories inquiring about this affirmative defense; and (2) explicitly confirm in
writing that Young Living will produce by or before Friday, April 21, 2023, (a) all responsive

Jon David Kelley
Page 31

documents, which Plaintiff has requested and Young Living has inappropriately withheld on the basis of purported privilege claims, and (b) a complete privilege log for any other responsive documents for which Young Living contends are privileged and not subject to its waiver. Otherwise, Plaintiff will have no choice but to promptly file a Motion to Compel.

**Response to Interrogatory No. 2**: Young Living objects "to the extent" that this request "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine." Young Living also objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects "insofar" as this request "seeks information that is not relevant to class certification."

**Why This Response is Inadequate**: Plaintiff incorporates her Response regarding Interrogatory No. 1 above, concerning Young Living's waiver of privilege under well-settled law, as if fully set forth herein. Clearly, Young Living's Response to Interrogatory No. 2 is a non-response. *See* Fed. R. Civ. P. 33 & 37. <u>As a result, if Plaintiff does not receive an amended response, which identifies each document and communication Young Living contends it acted in good faith and in reasonable reliance upon in its Ninth Defense, by Wednesday, April 12, 2023, Plaintiff will have no choice but to file a Motion to Compel.</u>

**Response to Interrogatory No. 3**: Young Living objects "to the extent" that this request "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine." Young Living also objects "insofar" as this Request "seeks information outside of the relevant time period, which [Young Living defines as] July 2, 2016 to July 31, 2018." Young Living further objects "insofar" as this request "seeks information that is not relevant to class certification."

**Why This Response is Inadequate**: Young Living's Ninth Defense states that it is "not liable because it acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom [Young Living] was entitled to rely." In this response, Young Living "states that it acted in good faith and in reasonable reliance upon the advice of its legal counsel" Young Living has therefore waived the attorney-client privilege as to the communication upon which it relied by placing that communication at issue in this case as a defense. *See Klein v. Plaskolite, Inc.,* No. 2:19-cv-00832-DN-PK, 2022 WL 180639 (U.S.D.C. Utah Jan. 10, 2022). Young Living cannot therefore simultaneously assert the attorney-client privilege on these communications and assert reliance of counsel as its defense. Because Young Living has put these communications at issue and asserted the defense of reliance of counsel, it must disclose those communications upon which it relied.

* * * *

Jon David Kelley
Page 32

     Finally, as an overarching statement, Plaintiff is not in a position to categorize and determine which production corresponds to which Third Request. For all previous and forthcoming supplemental production, please amend or send supplemental Responses that provide the Bates ranges of the purportedly responsive production.

     Given the narrow window for class certification discovery, please let us know on or before Monday, April 10, 2023, whether Young Living intends to remedy the deficiencies noted above. Given that Young Living has had three weeks to supplement its responses (and has represented that it would produce documents to several of the requests), Plaintiff requests that Young Living supplement and produce all responsive information by Wednesday, April 12, 2023. If Young Living stands on its objections or has not been working to supplement the Third Requests listed herein, your response should include dates and times you are available for a meet and confer. We are available Monday, April 10, 2023, or Tuesday, April 11, 2023, at 10 AM PT/noon CT. Please confirm which day works best for you.

     We look forward to making progress on the issues discussed herein. Please reach out with any questions.

Sincerely,

Jenifer Wallis

EXHIBIT D

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Christopher Fernandez
To Call Writer Directly:
+1 212 390 4145
christopher.fernandez@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

April 19, 2023

**Via Email**

Jenifer Wallis
Munck Wilson Mandala
1925 Century Park East
Suite 2300
Los Angeles, CA 90067

Re:      *O'Shaughnessy v. Young Living Essential Oils, LC et al.*, No. 2:20-cv-00470-HCN-JCB 0151 — Defendant's Responses and Objections to Plaintiff's Third Set of Discovery Requests

Dear Counsel:

I write in response to your April 7, 2023 letter regarding Young Living's responses and objections to Plaintiff Julie O'Shaughnessy's Third Set of Requests for Production of Documents (the "Requests" and each a "Request").

## I.       Young Living complied with its obligation to conduct a reasonable inquiry before responding to Plaintiff's Requests.

In response to each of your Requests, Young Living certified that "***after conducting a reasonable search***, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to [your] Request[s]." Young Living's representation referred to its commitment to conduct a "reasonable search" of *documents* responsive to your Requests, which is entirely separate from Rule 26(g)(1)'s requirement that an attorney certify the accuracy of *the responses and objections* after a "reasonable inquiry." Young Living complied with its obligation to conduct a reasonable inquiry before responding to your Requests. As previously explained with respect to Young Living's responses and objections to Plaintiff's Second Set of Requests for Production, Young Living's representations are no different than Plaintiff's representations in her own discovery responses that she "will produce" documents "after a diligent search." (*See, e.g.*, Plaintiff's Responses and Objections to Young Living's First Set of Requests for Production of Documents at 4.)

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 2

The law requires Young Living to inform Plaintiff of "the actual problem with each request." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020). Young Living conformed with this requirement in each of its specific responses to your Interrogatories and Requests. Your assertion that Young Living's objectively *more robust* responses "are categorically deficient and serve no purpose other than to unnecessarily delay litigation and invert discovery burdens" is, thus, unfounded.

**II.      Young Living's general objections are proper.**

__General Objection 1:__

Plaintiff has asked Young Living to withdraw this objection because it includes the phrase "to the extent." You called the objection a "nullity" because "it is entirely unclear whether or to what extent Young Living claims any given Third Request is seeking protected information and which protection Young Living claims applies."

Plaintiff is correct that Young Living used the phrase "to the extent" to indicate that it will produce responsive documents *to the extent* those documents are not privileged. Of course, Young Living will not know the extent of privileged documents, if any, until it completes its review of documents. This is hardly a "nullity."

Furthermore, Plaintiff undercuts her own argument because Plaintiff has used the same language in her own objections to Young Living's discovery requests. (Plaintiff's Responses and Objections to Young Living's First Set of Requests at Responses 12, 13, 21, 22, 23, 26, 27, 31, 32, and 33). For instance, Plaintiff responded that she "has or will produce all documents within her possession, custody or control relating to this subject ***except*** for documents she is withholding on the basis of a privilege." (Plaintiff's Responses and Objections to Young Living's Second Set of Requests at 10.) Like Plaintiff, Young Living is merely conveying that, if a document is privileged, Young Living reserves the right to invoke privilege. Young Living disagrees that it has waived any privilege in this matter.

__General Objection 2:__

Young Living objected to each Interrogatory and Request to the extent they were overbroad, unduly burdensome, encompassed people and entities that are not parties to this litigation, or called for the disclosure of confidential information of third parties protected from disclosure by law. Plaintiff contends that such an objection is impermissible because it is "vague" and "boilerplate."

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 3

Young Living disagrees with Plaintiff's characterization of this objection. In any event, Young Living agrees to withdraw this objection and avers to the specific objections in its responses and objections.

**General Objection 4:**

Plaintiff takes issue with Young Living's objection to not provide information related to the merits of this case. However, Plaintiff also acknowledges that discovery is currently focused on class certification issues, which follows Jenifer Wallis's email that the parties have "bifurcated discovery in this matter and currently only discovery regarding class issues is permissible."

Young Living is not using this objection to "prevent Plaintiff from discovering facts and information pertinent to the Court's class certification decision" but instead is objecting to discovery that is exclusively related to the merits of this case, which is premature at this time. To be clear, Young Living is not objecting to discovery of merits issues to the extent they implicate class certification issues. Young Living welcomes a meet-and-confer for Plaintiff to express how specific Requests are related to the elements of class certification under Federal Rule of Civil Procedure 23.

**General Objection 6:**

In this objection, Young Living merely "incorporate[d] [its] General Objections into each and every Response," as applicable. Young Living stands by each General Objection unless explicitly withdrawn.

## III.   Young Living's objections to Plaintiff's definitions and instructions are proper.

**Objection 1:**

Young Living objected to Plaintiff's Definitions "to the extent they purport to alter the plain meaning and/or scope of any specific Interrogatory or Request, on the ground that such alteration renders the Interrogatory or Request vague, ambiguous, overbroad, and uncertain." Plaintiff contends that such an objection is impermissible because it is "vague" and "boilerplate."

Young Living disagrees with Plaintiff's characterization of this objection. In any event, Young Living agrees to withdraw this objection and avers to the specific objections in its responses and objections.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 4

**Objection 2:**

Plaintiff claims that this objection "inappropriately re-writes" Plaintiff's Requests because it "purports to reject Plaintiff's definition of 'You,' 'Your,' and 'Yourself' and limits the same only to 'Young Living and its officers, directors, and employees.'"

Plaintiff's original definition captured "successors, predecessors, internal divisions, subsidiaries, agents, and/or persons acting on Young Living's behalf" without identifying any persons or entities that Plaintiff believes falls within each category. As such, after conducting a reasonable inquiry, Young Living has not identified any successors, predecessors, subsidiaries, agents, and/or persons acting on its behalf who may have information or documents responsive to Plaintiff's Interrogatories or Requests. However, Young Living agrees to supplement its discovery should it identify any persons or entities within its control, including successors, predecessors, subsidiaries, agents, and/or persons acting on its behalf, who have responsive information.

For the avoidance of doubt, Young Living will not interpret this definition to capture distributors.

**Objection 3:**

On April 10, in the spirit of compromise, Young Living's counsel proposed the following definition for the Relevant Time Period:

- For Essential Rewards Membership data, a Relevant Time Period of July 2, 2016 to present, with the note that Young Living will produce all data to present of persons who enrolled as Essential Rewards Members between July 2, 2016 and July 31, 2018; and

- For requests unrelated to Essential Rewards Member data, a Relevant Time period of June 2, 2015 to present.

Please advise if Plaintiff agrees with that proposal.

**Objection 4:**

Plaintiff contends that this objection "purports to reject Plaintiff's definition of 'Essential Reward Member Data' as being 'overly broad and unduly burdensome' because 'it seeks information outside the relevant time period.'" Plaintiff believes that the Relevant Time Period in this case extends to the present.

On April 10, in the spirit of compromise, Young Living's counsel proposed the following:

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 5

- For Essential Rewards Membership data, a Relevant Time Period of July 2, 2016 to present, with the not that Young Living will produce all data to present of persons who enrolled as Essential Rewards Members between July 2, 2016 and July 31, 2018; and

- For requests unrelated to Essential Rewards Member data, a Relevant Time period of June 2, 2015 to present.

We will await whether Young Living's proposal is acceptable to Plaintiff.

**Objection 5:**

Plaintiff seeks "Sales Data" from persons that cannot be members of the putative class under the law. Indeed, Plaintiff alleges that discoverable information "need not be limited to potential class members to be relevant" without citing a single case. (March 28 Letter at 6.)

Where the relevance of the propounded discovery is not apparent on its face, the burden of persuasion shifts to the party seeking the discovery. *See Stewart v. Mitchell Transport*, 2002 WL 1558210, at *4 (D. Kan. July 8, 2002) (when relevancy is not apparent, proponent has burden to show relevance); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996). Given the nature of Plaintiff's claims and the Relevant Time Period, the relevance of Plaintiff's discovery related to non-class members is not apparent. Here, the burden of showing relevance resides with Plaintiff, and it is a burden she has not met.

**Objection 6:**

Plaintiff contends that this objection is improper because it "purports to reject Plaintiff's definition of 'Relating to' as being 'overly broad and unduly burdensome.'" Specifically, Young Living objected that Plaintiff's definition "impose[s] obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law."

Young Living disagrees with Plaintiff's characterization of this objection. In any event, Young Living agrees to withdraw this objection and avers to the specific objections in its responses and objections.

**Objection 7:**

Young Living objected to Plaintiff's definition of the term "Communication(s)" as "overly broad and unduly burdensome." Plaintiff claims that this objection is also an "impermissible boilerplate objection" that "fails to articulate why or how Plaintiff's definition imposes obligations beyond the permissible scope of any law or controlling rule." Plaintiff alleges that this definition is a "baseless blanket objection." (April 7 Letter at 7.)

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 6

Plaintiff's prior practices once again undercut her own argument but nevertheless, Young Living agrees to withdraw this objection and avers to the specific objections in its responses and objections.

**Objection 8:**

Young Living objected to Plaintiff's definition of the term "Document(s)" on the ground that it is "overly broad and unduly burdensome because it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, relevant local rules, and applicable case law." Plaintiff incorporated by reference her comments to Objection 6 and Objection 7.

Likewise, Young Living incorporates its responses to Objection 6 and Objection 7 as if fully set forth herein.

**Objection 9:**

Young Living objected to Plaintiff's instructions "to the extent they purport to require or impose any obligations inconsistent with the Protective Order entered by the Court."

Young Living incorporates its response to General Objection 1 as if fully set forth herein. Young Living will fully comply with the Stipulated Protective Order in this action.

**Objection 10:**

Young Living incorporated its objections to Plaintiff's definitions and instructions "into each and every Response provided." Plaintiff thus incorporated her responses to each of the foregoing objections.

Likewise, Young Living incorporates its responses to Objections 1 through 9 of the Objections to Definitions and Instructions as if fully set forth herein.

**IV.    Young Living's responses and objections to Plaintiff's requests for production are proper.**

**Request For Production No. 1:**

Plaintiff seeks "Documents and Communications related to any fees, premiums, or other charges Young Living could or did charge or collect from any Essential Rewards Member, payment of which allowed or purported to allow that Member to earn commissions."

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 7

Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response. Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification.

**Request For Production No. 2:**

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning the Cost of Goods Sold for each Young Living product sold by or to any Essential Rewards Member, including but not limited to, each order identified in YL_OSHA0000187, YL_OSHA0000188, YL_OSHA0000189, and YL_OSHA0000190." Young Living objected to this Request because it had already produced the financial documents that Plaintiff indicated would satisfy this Request. *See* December 19, 2022 from David Rowe (noting that that "Re COGS information, we need Young Living's financial statements for years 2016 through the present.").

Following Mr. Rowe's email, Plaintiff informed us that there was a miscommunication and that the financial statements were insufficient to satisfy this Request. Thus, while Young Living maintains its objections, in the spirit of compromise, Young Living will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**Request For Production No. 3:**

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning each Young Living product sold—and the sales price thereof—by or to any Essential Rewards Member." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification." Young Living further objected to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed the Relevant Time Period hoping that the parties could come to an agreement. As of today, Young Living's counsel is still waiting on a response from Plaintiff.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 8

Plaintiff further asserts that "it is unclear how this request is 'overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.'" Such an assertion is absurd on its face. As written, the Request contemplates production without limitation of any document "identifying, reflecting, or otherwise concerning" Young Living's products. Since Young Living's primary business purpose is to sell products, it is unclear what if anything would not be subsumed by such a facially overbroad request.

However, in line with previous meet-and-confers between the parties, Young Living understands Plaintiff to be seeking sales data regarding non-Essential Rewards Members, which Young Living is willing to produce. To the extent that this Request seeks information that is even broader in scope, Young Living invites Plaintiff to meet and confer concerning the scope of this Request.

**Request For Production No. 4:**

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all sales of Young Living products, including the sales price thereof, by Essential Rewards Members to non-Members in the U.S. during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 5:**

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all Young Living products sold directly to non-Essential Rewards Members in the U.S. by Young Living, through its website or otherwise, during the Relevant Period. This Request does not include products sold by Essential Rewards Members. Rather, it seeks Documents and Communications concerning Young Living's direct-to-consumer or direct-to-user sales made by Young Living separate from and independent of sales made by Young Living Essential Rewards Members." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification." Young Living further objected to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." Young Living further objected to this Request

KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 9

insofar as it "seeks sales data related to individuals who are not members of Plaintiff's putative class."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff further asserts that "it is unclear how this request is 'overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.'" To support this position, Plaintiff goes on to say that "[t]he request is clear" but incorrectly contends that the scope of this Request is "documents sufficient to evidence each Young Living product sold – and the sales price thereof – by or to any Essential Rewards member." Plaintiff is mistaken. That is the scope of Request No. 4 above. *This* Request—Request No. 5—is overly broad and unduly burdensome because it asks for documents pertaining to non-Essential Rewards Members. Plaintiff has not explained how this Request seeks documents related to issues of class certification. In fact, this Request seeks information with respect to products sold directly to non-Essential Rewards Members, which is, by Plaintiff's own definition, not at all related to Plaintiff's putative class and therefore, not related to any issue of class certification.

## Request For Production No. 6:

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all actual commissions Young Living paid to each Essential Rewards Member during the Relevant Period." Young Living responded that it "has already produced information sufficient to determine actual commissions paid to each Essential Rewards Member between July 2, 2016 and July 31, 2018." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living further objected to this Request because it seeks information duplicative of documents previously produced by Young Living.

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff further contends that Young Living has not produced all actual commissions paid to each Essential Rewards Member, as it represents in its response. Young Living, however, has produced all actual commissions paid to each Essential Rewards Member at:

# KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 10

YL_OSHAH0000190. In fact, the aforementioned production includes actual commissions paid through the date of production, January 18, 2023, for all Essential Rewards Members who signed up between July 2, 2016 – July 31, 2018.

## Request For Production No. 7:

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all commissions each Essential Rewards Member earned (whether paid or not) during the Relevant Period." Young Living responded that it "has already produced information sufficient to determine commissions earned by each Essential Rewards Member between July 2, 2016 and July 31, 2018." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living further objected to this Request because it seems information duplicative of documents previously produced by Young Living.

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff further contends that Young Living "has not produced all actual commissions paid to each Essential Rewards Member, as it represents in its response." As explained above, Young Living has produced the requested information at YL_OSHAH0000188. In fact, the aforementioned production includes commissions earned through the date of production, January 18, 2023, for all Essential Rewards Members who signed up between July 2, 2016 – July 31, 2018.

## Request For Production No. 8:

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning any internal policies, procedures, or other guidelines regarding Essential Rewards Member commissions, including but not limited to, the internal policies, procedures, and guidelines themselves." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise,

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 11

Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff has not explained how the communications this Request seeks are related to issues of class certification.

**Request For Production No. 9:**

Plaintiff seeks "Documents and Communications concerning, reflecting or otherwise related to the requirement, implemented in or around August 2018, that Essential Rewards Members click or otherwise virtually interact with an agreement that includes a class waiver in order to access their online Young Living account." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 10:**

Plaintiff seeks "All Young Living income disclosure statements from 2016 to the present." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed the Relevant Time Period hoping that the parties could come to an agreement. As of today, Young Living's counsel is still waiting on a response from Plaintiff.

Subject to an agreement between the parties as to the Relevant Time Period, Young Living asserts it will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**Request For Production No. 11:**

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all data used to calculate, and each line item reported in, Young Living's income disclosure statements, each year from 2016 to present." Young Living objected to this Request

# KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 12

"insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Young Living maintains its objections to this Request. Nevertheless, in the spirit of compromise, Young Living will produce Young Living's disclosure statements for the period of 2016 to present.

## Request For Production No. 12:

Plaintiff seeks "Documents and Communications concerning or otherwise related to any decision or policy—whether implemented or merely proposed, discussed or contemplated—regarding the inclusion or exclusion of data used to create any Young Living income disclosure statements from 2016 to present." Young Living further objected to this Request as "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, insofar as it seeks information merely proposed, discussed or contemplated." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff also asserts that "it is unclear how this request is 'overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.'" However, Young Living's objection makes clear that the Request is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence insofar as it seeks information merely proposed, discussed or contemplated. Indeed, merely proposed, discussed or contemplated Documents and Communications that were not seen or heard by individuals of Plaintiff's putative class are not related to issues of class certification, and thus not relevant.

## Request For Production No. 13:

Plaintiff seeks "Documents and Communications concerning all marketing and promotional materials that promote(d) becoming a Young Living Essential Rewards Member or selling Young Living products, including but not limited to advertisements and videos displayed on Facebook/Meta, Instagram, YouTube, TikTok, Twitter, and any and all other media and social media whatsoever." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 13

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in hopes of avoiding intervention by the Court, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Subject to an agreement between the parties as to the Relevant Time Period, Young Living asserts, as it stated in its response to this Request, that it will produce advertisements and videos displayed on its corporate-operated social media accounts.

### Request For Production No. 14:

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all agenda topics, attendees, and meeting minutes of 'Opportunity' calls via Zoom, Teams, or other video, telephonic, or virtual platforms during the Relevant Period. This Request specifically includes, but is not limited to, copies of the recordings of any such 'Opportunity' calls or meetings (if recorded), as well as any Documents circulated, shown, used, presented or otherwise utilized or provided during such calls or meetings." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery."

As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff has not explained how the communications this Request seeks are related to issues of class certification.

### Request For Production No. 15:

Plaintiff seeks "[i]f recorded, copies of the recordings of all Young Living conventions, annual meetings, or any other regular or special meetings sponsored or conducted by Young Living or held with Young Living's permission." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification." Young Living also objected that this Request is overly broad

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 14

because it seeks recordings that are not relevant to any issue, claim, or defense involved in this case.

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in hopes of avoiding intervention by the Court, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification. Moreover, Plaintiff has not explained how recordings of Young Living conventions, annual meetings, or any other regular or special meetings are relevant to any issue, claim, or defense involved in this case.

### Request For Production No. 16:

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning all marketing materials circulated by Young Living, including but not limited to newsletters, magazines, pamphlets, etc. regarding Young Living's products." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Young Living withdraws its objection that this Request is duplicative of Request No. 13. Young Living further states that it will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, after conducting a reasonable search.

### Request For Production No. 17:

Plaintiff seeks "Screen shots and archived internet pages or related Documents showing each step of the sign-up, enrollment, or agreement process to become an Essential Rewards Member during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 15

explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed the Relevant Time Period hoping that the parties could come to an agreement. As of today, Young Living's counsel is still waiting on a response from Plaintiff.

**Request For Production No. 18:**

Plaintiff seeks "Documents and Communications identifying, showing, reflecting or otherwise concerning every repurchase by Young Living of product from Essential Rewards Members—such data should include specific items repurchased, cost, COGS, and dates." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff has not explained how the communications this Request seeks are related to issues of class certification.

**Request For Production No. 19:**

Plaintiff seeks "Documents and Communications identifying, reflecting or otherwise concerning Young Living's efforts, if any, to structure its business and/or operate as a lawful Multi-Level Marketing company." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff has not explained how the communications this Request seeks are related to issues of class certification.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 16

**Request For Production No. 20:**

Plaintiff seeks "Documents and Communications concerning, supporting, contradicting, undermining or otherwise related to each Defense alleged in Your Answer (ECF No. 164), including but not limited to, all Documents and Communications reflecting the "work, opinions, information, representations, and advice of others," upon which Young Living alleges it relied in good faith, according to its Eighth and Ninth Defenses." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification." Young Living further objected to the extent this Request "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff also asserts that Young Living must amend its response because if a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot also reasonably complain if it must then divulge that advice. Young Living states that it disclaims any intent to rely upon an "advice of counsel" defense in this case, and therefore withdraws any "advice of counsel" defense. Consequently, Young Living stands on its attorney-client privilege and the work-product doctrine objection.

**Request For Production No. 21:**

Plaintiff seeks "Documents and Communications concerning, reflecting or otherwise related to Young Living's tracking of sale of products to Essential Rewards Members versus non-Essential Rewards Member consumers, customers, end-users and/or other persons." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 17

**Request For Production No. 22:**

Plaintiff seeks "Documents and Communications concerning, showing, reflecting, breaking down, analyzing or otherwise related to Young Living's wholesale versus retail sales of products, including date(s) of sale, customer identity and location, sales price, and other related information maintained for each such sale, during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 23:**

Plaintiff seeks "Documents identifying all of Young Living's executives, directors, employees, contractors, departments, divisions and reporting lines from 2016 to present. This Request seeks complete organizational charts, or other similar documents maintained by Young Living, for each year—if different—from 2016 to present." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 24:**

Plaintiff seeks "[a] complete copy of Your (a) audited and (b) unaudited financial statements for each year from 2016 to present." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "as unduly burdensome insofar as it seeks Young Living's unaudited financial statements" because Young Living has already produced its audited financial statements at YL_OSHAH000002 – YL_OSHAH0000122, and Plaintiff has not explained why she now also requires the unaudited versions of those documents.

# KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 18

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

## Request For Production No. 25:

Plaintiff seeks "All Young Living 'membership records,' which 'detail[] its Members' membership details, including but not limited to the dates on which Members agreed to certain agreements with the Company, their orders, amount of commissions earned, upline sponsor and downline enrollee(s), and 'other information,' and that Young Living keeps and maintains in the regular course of its business, according to Barrow Affidavit ¶¶4-8." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request as "overly broad" because it seeks "All Young Living 'membership records.'"

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

## Request For Production No. 26:

Plaintiff seeks "[a]ll documents and communications concerning or otherwise related to the Young Living "membership records" identified by and described in Barrow Affidavit ¶¶4-8." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

## Request For Production No. 27:

Plaintiff seeks "[a] digital copy or other exact replica of the 'Oracle database,' which 'Young Living maintains' in the ordinary course of its business, that contains 'records of the historical content' on 'Young Living's website and records of Members agreeing to' Young

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 19

Living's 'Member Agreement, Policies and Procedures, Compensation Plan and its Terms and Conditions, and Privacy Policy,' as stated in Gibbons Affidavit ¶¶5-8." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification." Young Living further objected to the extent this Request "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine." Young Living also objected to this Request on the ground that it is vague and ambiguous as to the terms "digital copy or other exact replica."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff also asserts that Young Living must amend its response because if a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot also reasonably complain if it must then divulge that advice. Young Living states that it disclaims any intent to rely upon an "advice of counsel" defense in this case, and therefore withdraws any "advice of counsel" defense. Consequently, Young Living stands on its attorney-client privilege and the work product doctrine objection. Because "digital copy or other exact replica" is vague and ambiguous, Young Living invites Plaintiff to meet and confer to clarify the scope of this Request.

### Request For Production No. 28:

Plaintiff seeks "[a] digital copy or other exact replica of the Young Living Starter Kit, including all materials contained therein, from 2016 to present. To the extent that the Young Living Starter Kit, including any materials contained therein, was revised, changed, updated, amended or otherwise modified in any way from 2016 to present, this Request seeks one digital copy or other exact replica of each modified version or iteration of the Young Living Starter Kit." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff also incorrectly asserts that Young Living objected on the basis that this Request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 20

evidence"; however, Young Living made no such objection to this Request. Furthermore, Plaintiff asserts, "The request is clear and the definitions make clear that the relevant time period for said request 'is January 1, 2015 through the present.'" In reading this Request, Young Living understood it to seek information "from 2016 to present." Young Living invites Plaintiff to serve additional requests for production if she now seeks additional information that falls outside of the plain language of this Request.

**Request For Production No. 29:**

Plaintiff seeks "Documents and Communications concerning, reflecting or otherwise related to Your interpretation of the Young Living Compensation Plan from 2016 to present. This Request includes, but is in no way limited to, all documents and communications discussing, analyzing, calculating or otherwise applying the formula(s) or equation(s) You used to calculate the amount(s), if any, of bonuses, commissions or other payments to Members based on Essential Rewards points, PV, OGV, PGV, LEG and/or any other measures, metrics or variables included in Your Compensation Plan." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 31:**

Plaintiff seeks "Documents and Communications concerning or otherwise reflecting the amounts of 'sales taxes' You 'collect[ed] and remit[ted]' for Young Living members 'based on the published retail price of the product and according to tax rates of the state in the 'ship to' address on any given order' from 2016 to present." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise,

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 21

Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.[1]

Plaintiff also incorrectly asserts that Young Living objected on the basis that this Request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence"; however, Young Living made no such objection to this Request.

**Request For Production No. 32:**

Plaintiff seeks "Documents and communications concerning, reflecting or otherwise related to each disciplinary action, if any, that You have taken against any Young Living member for violating Young Living's Code of Ethics from 2016 to present." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Plaintiff contends that this Request directly bears on class certification issues because of the "measurement of damages" and "Young Living's operation as an unlawful pyramid scheme." Young Living rejects any contention that it is operating as an unlawful pyramid scheme. Young Living further disagrees that the "measurement of damages" is related to any information regarding disciplinary action, as this Request seeks.

Plaintiff further asserts that Young Living objected on the basis that this Request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." This Request is overly broad because it seeks information about individuals not in Plaintiff's putative class; "*any* Young Living member" (emphasis added) does not equate to "[a]ll United States residents who joined Young Living as *Essential Rewards members*," (emphasis added) which is how Plaintiff defines the putative class in the operative complaint. Therefore, asking Young Living to produce documents for individuals not at all related to this litigation is unduly burdensome and not likely to lead to the discovery of admissible evidence. Furthermore, Plaintiff asserts, "The

---

[1]   Further, your letter seemingly contends that the relevant time period for this Request is January 1, 2015 to the present. Plaintiff's April 7 Deficiency Letter, pp. 24. However, the explicit text of the Request asks for documents for the period of 2016 to present. We assume, then, that the statement in your letter was an error.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 22

request is clear and the definitions make clear that the relevant time period for said request 'is January 1, 2015 through the present.'" In reading this Request, Young Living understood it to seek information "from 2016 to present." Young Living invites Plaintiff to serve additional requests for production if she now seeks additional information that falls outside of the plain language of this Request.

### Request For Production No. 33:

Plaintiff seeks "Documents and Communications concerning, reflecting or otherwise related to each disciplinary action, if any, that You have taken against any Young Living member for making 'misrepresentations' or other 'improper representations' about Young Living's Compensation Plan, including any such improper 'Compensation Plan Claims,' 'Income Claims,' claims of 'Governmental Approval or Endorsement,' and/or 'Unlawful Advertising Statements' described in ¶¶5.3.2 through 5.3.5 of Young Living's Policies and Procedures, effective January 2014." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff asserts, "The request is clear and the definitions make clear that the relevant time period for said request 'is January 1, 2015 through the present.'" In reading this Request, Young Living understood it to seek information "from 2016 to present." Young Living invites Plaintiff to serve additional requests for production if she now seeks additional information that falls outside of the plain language of this Request.

Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification. In fact, this Request seeks information related to individuals who are not members of Plaintiff's putative class.

Plaintiff also incorrectly asserts that Young Living objected on the basis that this Request is "overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence"; however, Young Living made no such objection to this Request.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 23

**Request For Production No. 34:**

Plaintiff seeks "'[a]ll Young Living materials—whether printed, on video or DVD, produced by sound recording, or any other electronic format'—used 'for advertising and describing Young Living's products or programs,' or otherwise provided to members to use for marketing and/or promotional purposes from 2016 to present." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 35:**

Plaintiff seeks "[a]ll 'receipts' or other 'records documenting the purchases of member's customers and direct purchase customers' submitted to or otherwise maintained by Young Living, according to ¶6.1 of its Policies and Procedures, effective January 2014, during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed the Relevant Time Period hoping that the parties could come to an agreement. As of today, Young Living's counsel is still waiting on a response from Plaintiff. Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification. In fact, this Request seeks sales data related to individuals who are not members of Plaintiff's putative class.

As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

**Request For Production No. 36:**

Plaintiff seeks "[a]ll of Young Living's 'detailed commission reports' and 'Commission and Bonus Recap statements,' as described in ¶¶7.1 through 7.6 of its Policies and Procedures,

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 24

effective January 2014, during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed the Relevant Time Period hoping that the parties could come to an agreement. As of today, Young Living's counsel is still waiting on a response from Plaintiff.

**Request For Production No. 37:**

Plaintiff seeks "Documents and Communications concerning, reflecting or otherwise related to Young Living's enforcement of its written requirement that its Members "abide by the 70% rule, which is that 70% of your inventory intended for sale has been sold prior to ordering more," as stated in ¶6.1 of Young Living's Policies and Procedures, effective January 2014, during the Relevant Period, including but not limited to all such Documents and Communications concerning compliance with and the tracking or confirmation of compliance with said written requirement, as well as any disciplinary measures or other actions taken or contemplated by Young Living for violation(s)—actual or possible—of said written requirement." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response.

Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification. Young Living's compliance with "the 70% rule" is not related to any element of class certification under Federal Rule of Civil Procedure 23. This Request is wholly merits-based and therefore, premature at this time.

**Request For Production No. 38:**

Plaintiff seeks "Young Living's assessments, evaluations, analyses, forecasting, projections, calculations or other measurements of consumer demand for Young Living products in the United States during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018."

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 25

Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response. Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification. Young Living invites Plaintiff to explain how consumer demand is related to numerosity, commonality, typicality, or adequacy of representation, pursuant to Federal Rule of Civil Procedure 23.

**Request For Production No. 39:**

Plaintiff seeks "Documents and Communications concerning, reflecting or otherwise related to Young Living's supply, production and output of Young Living Products in the United States during the Relevant Period, including but not limited to, Young Living's bases for calculating or otherwise determining the quantity of products it produced and/or inventory products it maintained to make available for sale or otherwise meet or satisfy demand for its products during the Relevant Period." Young Living objected to this Request "insofar as it seeks information outside of the relevant time period, which is July 2, 2016 to July 31, 2018." Young Living also objected to this Request "insofar as it seeks communications which are not relevant to class certification."

Plaintiff asserts that Young Living must amend its response because Young Living "cannot unilaterally determine the relevant time period of Plaintiff's claims or class discovery." As explained above as it relates to the Relevant Time Period, on April 10, in the spirit of compromise, Young Living's counsel proposed a compromise to the Relevant Time Period. Young Living awaits Plaintiff's response. Furthermore, Plaintiff has not explained how this Request seeks documents related to issues of class certification. Young Living invites Plaintiff to explain how Young Living's supply, production and output is related to numerosity, commonality, typicality, or adequacy of representation, pursuant to Federal Rule of Civil Procedure 23.

**V.    Young Living's responses and objections to Plaintiff's interrogatories are proper.**

**Interrogatory No. 1:**

Plaintiff requests Young Living "[i]dentify each person whose 'work, opinions, information, representations, and advice' You contend You 'acted in good faith and in reasonable reliance upon' in Your Ninth Defense in Young Living's Answer (ECF No. 164)." Young Living responded that "it acted in good faith and in reasonable reliance upon the advice of its legal

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 26

counsel." Young Living also objected to the extent the Interrogatory "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine."

Plaintiff asserts that Young Living must amend its response because "if a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot also reasonably complain if it must then divulge that advice."

Young Living states that it disclaims any intent to rely upon an "advice of counsel" defense in this case, and therefore withdraws any "advice of counsel" defense. Consequently, Young Living will supplement its response to Interrogatory No. 1.

**Interrogatory No. 2:**

Plaintiff requests Young Living "[i]dentify each Document and Communication that You contend You "acted in good faith and in reasonable reliance upon" in Your Ninth Defense in Young Living's Answer (ECF No. 164)." Young Living objected to the extent the Interrogatory "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine."

Plaintiff asserts that Young Living must amend its response because if a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot also reasonably complain if it must then divulge that advice.

Young Living states that it disclaims any intent to rely upon an "advice of counsel" defense in this case, and therefore withdraws any "advice of counsel" defense. Young Living stands on its attorney-client privilege and the work product doctrine objection, and thus will not supplement its response to Interrogatory No. 2.

**Interrogatory No. 3:**

Plaintiff requests Young Living "identify and state in detail each fact, document and/or other justification or rationale supporting Your answer" if Young answered anything with anything other than an unequivocal admission to Request for Admission Nos. 4 or 5. Young Living objected to the extent the Interrogatory "calls for the disclosure of information protected by the attorney-client privilege and the work product doctrine." Young Living also objected that this Interrogatory improperly calls for a legal conclusion.

Plaintiff asserts that Young Living must amend its response because if a party claims it was acting in good faith because it relied on the advice of an attorney, the party cannot also reasonably complain if it must then divulge that advice.

## KIRKLAND & ELLIS LLP

Ashton Poarch
April 19, 2023
Page 27

     Young Living states that it disclaims any intent to rely upon an "advice of counsel" defense in this case, and therefore withdraws any "advice of counsel" defense. Young Living stands on its attorney-client privilege and the work product doctrine objection, and thus will not supplement its response to Interrogatory No. 3.

     * * *

     We're happy to meet and confer on any outstanding issues. We're available on Monday, April 24 between 11:00 a.m. – 1:00 p.m. and 2:00 p.m. – 5:00 p.m., or Tuesday, April 25 between 9:00 a.m. – 11:00 a.m.

               Sincerely,

               *Christopher X. Fernandez*

               Christopher Fernandez

EXHIBIT E

**Ellen Reeder**

| | |
|---|---|
| **From:** | Kelley, Jon David <jon.kelley@kirkland.com> |
| **Sent:** | Thursday, June 8, 2023 6:36 PM |
| **To:** | Cody Hill; Jenifer C. Wallis; Fernandez, Christopher; Atkinson, Stefan; Rezabek, Rachael A.; Spencer, Aysha M.; Fielding, Jeremy A.; Avery, Xavier Jarron |
| **Cc:** | Robert E. Linkin; Ursula Smith; Brad Beskin; Jeff Angelovich; Ellen Reeder; David Rowe; Susan Whatley; Michelle Lee; Ashton Poarch; Mike Angelovich; Nikki Cameron; Maria Gomez |
| **Subject:** | RE: Julie O'Shaughnessy v. Young Living Essential Oils, LC Case No. 2;20-cv-00470-HCN-JCB |

[External]

Cody,

Thanks again for the productive meet-and-confer on Tuesday.  As discussed, we appreciate the constructive dialogue and good faith effort both parties have made to resolve any disagreements.

During the call, you noted that Plaintiff's existing motion to compel extension expires this Monday, the 12th of June, and that you may have no choice but to file a motion to compel—even as a placeholder—because Young Living had not yet completed its production of documents. After consultation with our local counsel, I suggested that we simply ask the court to grant an additional agreed-upon extension, as the parties have worked through the issues identified in Plaintiff's deficiency letter and Young Living will substantially complete its production of documents responsive to Plaintiff's Third Set of Discovery by June 19th.  We still believe this is the most efficient use of the parties' and the court's time.

You requested that we provide further explanation of the reasons we believe a motion to compel is unnecessary at this time, and we are happy to oblige with the following:

First, as stated in my May 19, 2023 production letter, Young Living has committed to production on a concrete timeframe, and has been working diligently to collect, review, and produce documents responsive to Plaintiff's discovery—including by hiring a vendor to oversee and manage document collection and more than 25 attorneys to review potentially responsive documents. As part of those efforts, we identified and provided search terms and custodians used to collect potentially responsive documents.  Our productions have begun in earnest and will be substantially complete by June 19, 2023, as I noted in my letter and on our call on Tuesday.  We are glad to discuss the nature of this production and any other issues as you review.  Because we've discussed the responses and objections identified in your deficiency letter and have committed to specific production deadlines, we don't understand what relief Plaintiff would—or could—seek in a motion to compel at this time.

Second, we are glad to provide additional detail concerning the substance of the production I explained we will make tomorrow, June 9th.  While Young Living's production will be substantially complete by June 19th, we will make another rolling production tomorrow which will include significant and material information requested by Plaintiff and discussed during our meet-and-confer on Tuesday. Specifically, Young Living will produce—among other information and documents—relevant agreements between Young Living and its members, including Young Living's Policies and Procedures, Compensation Plans, Terms and Definitions for its Compensation Plans, and Member Agreement & Essential Rewards Enrollment Forms, as well as voluminous and comprehensive membership records which detail certain information related to Young Living's members, including (but not limited to) the dates on which members agreed to certain agreements with the company, up-line sponsors, and downline enrollee information that Young Living keeps in the ordinary course of its business.

Ultimately, we believe a motion to compel is unnecessary in light of 1) the commitments made about the timing and substance of Young Living's production in my May 19th letter, during our discussions on Tuesday, and in this email; 2) the fact that we have substantively addressed the issues identified in your original deficiency letter; and 3) the fact that we will agree to file a joint request to extend Plaintiff's motion to compel deadline as a good faith accommodation.

The decision is of course entirely within your discretion, and there is nothing we can do to stop you from filing a motion if you so choose. We simply see no need to for you to file a "placeholder" motion on Monday identifying a hypothetical problem that does not exist—and likely will never exist—when we can simply ask the court for a short extension.

We are glad to continue to work through any issues or provide additional clarification, and again, we appreciate the constructive dialogue.

Jon

**Jon David Kelley**
_____

**KIRKLAND & ELLIS LLP**
4550 Travis Street, Dallas, TX 75205
**T** +1 214 972 1755   **M** +1 480 225 9934
**F** +1 214 972 1771
_____

jon.kelley@kirkland.com

---

**From:** Cody Hill <codyhill@nixlaw.com>
**Sent:** Monday, June 5, 2023 4:39 PM
**To:** Kelley, Jon David <jon.kelley@kirkland.com>; Jenifer C. Wallis <jwallis@munckwilson.com>; Fernandez, Christopher <christopher.fernandez@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Rezabek, Rachael A. <rachael.rezabek@kirkland.com>; Spencer, Aysha M. <aysha.spencer@kirkland.com>; Fielding, Jeremy A. <jeremy.fielding@kirkland.com>; Avery, Xavier Jarron <xavier.avery@kirkland.com>
**Cc:** Robert E. Linkin <rlinkin@munckwilson.com>; Ursula Smith <usmith@munckwilson.com>; Brad Beskin <bbeskin@nixlaw.com>; Jeff Angelovich <jangelovich@nixlaw.com>; Ellen Reeder <ereeder@munckwilson.com>; David Rowe <drowe@munckwilson.com>; Susan Whatley <swhatley@nixlaw.com>; Michelle Lee <mlee@munckwilson.com>; Ashton Poarch <apoarch@nixlaw.com>; Mike Angelovich <mangelovich@nixlaw.com>; Nikki Cameron <ncameron@nixlaw.com>; Maria Gomez <mgomez@nixlaw.com>
**Subject:** Re: Julie O'Shaughnessy v. Young Living Essential Oils, LC Case No. 2;20-cv-00470-HCN-JCB

Thanks Jon. We'll make 1:00 central tomorrow work. Will circulate a dial-in for the call before then.

Thanks,
Cody

--
Cody L. Hill



8701 Bee Cave Road
Building 1, Suite 500
Austin, Texas 78746
512-328-5333 (phone)
512-328-5335 (fax)
CodyHill@nixlaw.com

CONFIDENTIALITY NOTICE

PROPOSED ORDER

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JULIE O'SHAUGHNESSY, individually, and on behalf of all others similarly situated,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS, MARY YOUNG, and JARED TURNER,**<br><br>       **Defendants.** | **[PROPOSED] ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br><br><br>**Case No. 2:20-cv-00470-HCN-JCB**<br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Cecilia M. Romero** |

This matter comes before the Court on Plaintiff's Short Form Discovery Motion to Compel Production of Documents. The Court finds the Plaintiff's motion has merit and should be granted.

IT IS THEREFORE ORDERED that Plaintiff's Short Form Discovery Motion to Compel Production of Documents is GRANTED, Defendant's objections to Plaintiff's Third Requests for Production are overruled, and Defendant shall produce all responsive documents and data within 10 days of the date of this Order.

SIGNED this _____ day of _____, 2023.


_____
Cecilia M. Romero
United States Magistrate Judge