Jeffrey J. Angelovich (*pro hac vice*)
jangelovich@nixlaw.com
Michael B. Angelovich (*pro hac vice*)
mangelovich@nixlaw.com
Cody L. Hill *(pro hac vice)*
codyhill@nixlaw.com
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building I, Suite 500
Austin, Texas 78746
Telephone: 512.328.5333

Robert E. Linkin (*pro hac vice*)
J. David Rowe (*pro hac vice*)
Ursula M. Smith *(pro hac vice)*
rlinkin@munckwilson.com
drowe@munckwilson.com
usmith@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy, Building II
Suite 300
Austin, Texas 78746
Telephone: 737.201.1600

Jason A. McNeill (9711)
mcneill@mvmlegal.com
Christopher M. Von Maack (10468)
vonmaack@mvmlegal.com
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JULIE O'SHAUGHNESSY, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>**YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS,**<br><br>  **Defendant.** | **PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF J. HOWARD BEALES**<br><br><br>Case No. 2:20-cv-00470-HCN-CMR<br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Julie O'Shaughnessy ("Plaintiff"), individually and on behalf of all others similarly situated, moves to exclude the expert testimony of J. Howard Beales, III ("Beales") offered in support of Defendant Young Living Essential Oils, LC's ("YL") Opposition to Plaintiff's Motion for Class Certification (Dkts. 259, 264).

## I. INTRODUCTION

Plaintiff respectfully requests the Court exclude Beales's expert testimony ("Exp. Rpt.," Dkt. 265, Ex. 58), as Beales is unqualified to offer a significant number of his opinions, provides no methodology (other than his training and experience) for his opinions, proffers demonstrably unreliable opinions, and his deposition exposed additional indicia of unreliability.[1]

## II. LEGAL STANDARDS

A trial judge "'must ensure that any and all scientific testimony is not only relevant, but reliable.'" *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). Under Federal Rule of Evidence 702, "the court performs a gatekeeper function…and may admit the [expert] testimony…so long as the expert is qualified and the expert's opinion is both relevant and reliable." *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 285 (D. Utah 2021) (citation and quotation omitted). The proponent of expert testimony bears the burden of demonstrating admissibility. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (citation omitted).

A court first determines whether an expert is "qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Id*. (quoting Fed. R. Evid. 702). The analysis is whether the expert's proffered testimony has a reliable basis in the expert's knowledge and

---

[1] Citations to "Ex. 5" refer to Beales's Deposition Transcript, which is attached as Exhibit 5 to the Declaration of Cody L. Hill, filed contemporaneously.

discipline. *Bitler*, 400 F.3d at 1232–33. If an expert offers an opinion outside her area of expertise, the testimony should be excluded on the ground that she is unqualified. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001).

The court next determines whether the expert's opinion is reliable by assessing the underlying reasoning and methodology. *Nacchio*, 555 F.3d at 1241. The party offering the expert must show the employed method is scientifically sound and that the opinion is based on facts that satisfy Rule 702's reliability requirements. *Id.*; *see also* Fed. R. Evid. 702 (testimony must be "based upon sufficient facts or data" as well as "the product of reliable principles and methods," and the expert must have "applied the principles and methods reliably to the facts of the case"). "Reliability questions may concern the expert's data, method, or his application of the method to the data." *Nacchio*, 555 F.3d at 1241 (citation omitted). When an expert's testimony is solely grounded in experience, he "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.* at 1258 (citation and quotation omitted).

### III. ARGUMENT & ANALYSIS

**A.  Beales is Unqualified to Offer Opinions Applying Legal Standards, ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ and the Unreliability of Such Opinions Make the Point Clear**

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉



Beales clearly is not qualified by knowledge, skill, experience, training, or education to offer any opinion that applies a legal standard to the facts of this case. And, by doing so he has strayed far from his stated area of expertise.[5] As discussed below, his opinions further are not based on any methodology and are otherwise unreliable.

**B. Beales ██████████████████████████████████ and His Opinions are Otherwise Unreliable**

██████████████████████████████████████████████████████████

---

[2] ██████████████████████████████████████████████████████████ *C.f. Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) ("[T]he judge is the sole arbiter of the law and its applicability.").

[3] ██████████████████████████████████████████████████████████

[4] ██████████████████████████████████████████████████████████

[5] ██████ *See Pioneer Ctrs. Holding Co. ESOP & Tr. V. Alerus Fin., N.A.*, 858 F.3d 1324, 1342 (10th Cir. 2017).



Beales's "trust me," experience-based, ill-defined economic opinions are the hallmark of unreliability. Beales's inability to identify a tangible methodology, let alone an accepted one, renders his opinions unreliable. And he certainly does not explain how his experience led to the

---

6 ████████████████████████████████████████

conclusions he reached, why his experience is a sufficient basis for those opinions, and how his experience was reliably applied to the facts of this case. Some examples and other indicia of lack of reliability make the point clear:

    1.    <u>The *Koscot* Test</u>—■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.[10] Notwithstanding *BurnLounge*'s lack of

---

[7] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

[8] Beales cites no authority in support.

[9] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

[10] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

5

authority in this Circuit, it still does not support adding a "net value" or motive element to the *Koscot* test.

The Ninth Circuit adopted the *Koscot* test in *Webster v. Omnitrition International, Inc.*, 79 F.3d 776, 781–82 (9th Cir. 1996). *BurnLounge* notes the focus of *Koscot* is on the structure of the alleged scheme, "how the MLM business operates in practice." 753 F.3d at 883. *Omnitrition*, on which *BurnLounge* relies, drives that point home: the central issue was "whether Omnitrition's marketing program is a pyramid scheme." 79 F.3d at 781. The Ninth Circuit concluded Omnitrition's marketing program appeared to be a pyramid scheme "[o]n its face" under *Koscot*. *Id.* at 782.[11] Under that marketing structure, in exchange for the purchase of products, the member "receive[d] the right to sell the products and earn compensation based on the product orders made by the [member's] recruits." *Id*. This compensation was "facially 'unrelated to the sale of product to ultimate users' because it [wa]s paid based on the suggested retail price of the amount *ordered* from Omnitrition, rather than based on *actual sales* to consumers." *Id.* ▮

*BurnLounge*'s discussion of the "meaning of 'ultimate users'" confirms that the proper inquiry is on the structure of the company's marketing program: "[w]hether rewards are related to the sale of products depends on how BurnLounge's bonus structure operated in practice." 753 F.3d at 887. There, rewards for recruiting were "unrelated" to sales to ultimate users because *BurnLounge incentivized recruiting participants, not product sales*. *Id.* ▮ individual motive or some amorphous "net value" concept is not an element of the *Koscot* test. As discussed in Section III(B)(3), *infra*, ▮

---

[11] The Ninth Circuit further held that Omnitrition could not save itself from that conclusion "simply by pointing to the fact that it makes some retail sales." *Omnitrition*, 79 F.3d at 782.

███ failure to identify a methodology and the unreliability of his opinions.

    2.    <u>Beales's "No Other Rational Reason" Opinions</u>—███

███

███

███

███

███

███

███

his "no other rational reason" opinions unreliable.

    3.    <u>Beales's Opinions Regarding Ms. Van Allen's Methodology</u>—███

███

███

███

███

███ *See, e.g., Greystone Funding Co. v. Network Funding, LP*, 598 F.Supp.3d 1228, 1239 (D. Utah 2022) (a damages expert's testimony is proffered "to establish what [the] damages were *if* [plaintiff] can prove all [its] allegations").

███

███—demonstrates his lack of methodology and reliability.

███

---

[12] ███

7



████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████ That is not how it works in this case or any securities fraud case. It could not be clearer that Beales's second criticism of Ms. Van Allen exposes his lack of methodology and the unreliability of his opinions.

4. <u>Further Indicia of Unreliability</u>—████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

That's poor methodology and an unreliable opinion.

████████████████████████████████████████
████████████████████████████████████████
████████████████ While perhaps correct, that statement is far from complete. In ████████████████████████████████████████
████████████████████████

---

13 ████████████████████████████████████████
14 ████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████

Generally speaking, even attorney work product provided to and attorney communications with a testifying expert are not privileged.[15] ████████████████████████████ ████████████████████. But that is not even the main point.

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████

Based on the foregoing, Plaintiff respectfully submits that the Court should exclude the testimony of YL's expert, J. Howard Beales, III.

---

[15] *See, e.g., Mitku v. Ultradent Prod., Inc.*, 2022 WL 137720, at *3 (D. Utah Jan. 14, 2022) (attorney communication to an expert of facts of data is not privileged); *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) ("[L]itigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions…are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.") (citation omitted).

DATED: January 16, 2024.

Respectfully submitted,


By: */s/ Robert E. Linkin*
J. David Rowe (*pro hac vice*)
drowe@munkwilson.com
Robert E. Linkin (*pro hac vice*)
rlinkin@munkwilson.com
Ursula M. Smith (*pro hac vice*)
usmith@muckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy
Building. II, Suite 300
Austin, Texas 78746
(737) 201-1600 (telephone)


Jeffrey J. Angelovich (*pro hac vice*)
jangelovich@nixlaw.com
Michael B. Angelovich (*pro hac vice*)
mangelovich@nixlaw.com
Cody L. Hill *(pro hac vice)*
codyhill@nixlaw.com
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building 1, Suite 500
Austin, Texas 78746
(512) 328-5333 (telephone)

Jason A. McNeill (9711)
Christopher M. Von Maack (10468)
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464
mcneil@mvmlegal.com
vonmaack@mvmlegal.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 16, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

By: */s/ Robert E. Linkin*
Robert E. Linkin