Jeffrey J. Angelovich (*pro hac vice*)
jangelovich@nixlaw.com
Michael B. Angelovich (*pro hac vice*)
mangelovich@nixlaw.com
Cody L. Hill *(pro hac vice)*
codyhill@nixlaw.com
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building I, Suite 500
Austin, Texas 78746
Telephone: 512.328.5333

Robert E. Linkin (*pro hac vice*)
J. David Rowe (*pro hac vice*)
Ursula M. Smith *(pro hac vice)*
rlinkin@munckwilson.com
drowe@munckwilson.com
usmith@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Pkwy, Building II
Suite 300
Austin, Texas 78746
Telephone: 737.201.1600

Jason A. McNeill (9711)
mcneill@mvmlegal.com
Christopher M. Von Maack (10468)
vonmaack@mvmlegal.com
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **JULIE O'SHAUGHNESSY**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**YOUNG LIVING ESSENTIAL OILS, LC D/B/A YOUNG LIVING ESSENTIAL OILS,**<br><br>Defendant. | **PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY IN SUPPORT OF HER MOTION FOR CLASS CERTIFICATION, MOTION TO EXCLUDE EXPERT TESTIMONY OF J. HOWARD BEALES, AND OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF LAUREL VAN ALLEN**<br><br>Case No. 2:20-cv-00470-HCN-CMR<br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 7-1(c), Julie O'Shaughnessy ("Plaintiff"), individually and on behalf of all others similarly situated, files this Notice of Supplemental Authority in Support of Her Motion for Class Certification (Dkt. 246), Motion to Exclude Expert Testimony of J. Howard Beales (Dkt. 275), and Opposition to Defendants' Motion to Exclude Expert Testimony of Laurel Van Allen (Dkt. 278). Exhibit 1 to the Declaration of Jeffrey Angelovich is a March 15, 2024, letter from Lois Greisman, Associate Director, Division of Marketing Practices, Federal Trade Commission, to Joseph Mariano, President, Direct Selling Association ("2024 FTC Letter"). The 2024 FTC Letter is relevant to the following pleadings related to the above Motions and Opposition:

- Defendant Young Living Essential Oils, LC's Opposition to Plaintiff's Motion for Class Certification (Dkt. 264)—Pages 1, 11, 12, 13, 15, 16, 21, 22, 25, 26, 27, 29, 30, 31, 32 and 33;
- Plaintiff's Reply Memorandum of Points and Authorities in Support of Motion for Class Certification (Dkt. No. 281)—Pages 3, 5, 7, 8, 10, 11, 14, 15, 17, 18 and 19;
- Plaintiffs' Motion to Exclude Expert Testimony of J. Howard Beales (Dkt. 275)—Pages 3, 4, 5, 6, 7 and 8;
- Defendant's Opposition to Plaintiff's Motion to Exclude Expert Testimony of J. Howard Beales (Dkt. 287)—Pages 1, 3, 4, 5, 7, 8 and 9;
- Defendants Motion to Exclude Expert Testimony of Laurel Van Allen (Dkt. 266)—Pages 2, 3, 4, 6, 7, 8, 9 and 10.

The 2024 FTC Letter is directly relevant to Young Living's ("YL") and J. Howard Beales' ("Beales") position that the proposed Class cannot be certified because individual issues predominate. A cornerstone of that position is that YL's BOPs are ultimate end users of YL's products, and that individual inquiry into the reasons why BOPs purchased products, including for personal consumption, is required to determine whether those purchases count as purchases by ultimate users of the product.[1] The primary authorities YL and Beales cite for that argument are

---

[1] *See, e.g.*, Expert Report of Professor J. Howard Beales (Dkt. No. 260-58 / 265-40) at ¶ 39-40.

the January 14, 2004 FTC staff advisory opinion letter addressing the analysis of personal consumption by MLM participants ("2004 FTC Letter") and *Neora*.[2]

The 2024 FTC Letter ***rescinds*** the 2004 FTC Letter: "Because of the extensive misuse of the letter, I no longer consider it to be a valid and useful statement of the Staff's views and therefore rescind it." *Id*. at 2. The "repeated[ ] misinterpret[ation]" identified was use of the 2004 FTC Letter "to assert a 'primary source' test for determining whether a company operates an illegal pyramid scheme." *Id*. at 1. The legal standard set forth by the *Neora* court relied on the 2004 FTC Letter to support its use of a "primary source" test underpinning its decision. 2023 WL 8446166, *17-18. The authority relied on by YL, Beales and the *Neora* court no longer exists.[3]

The 2024 FTC Letter further reiterated the "operative legal standard:"

> [W]hether an MLM is a pyramid scheme depends on how the MLM's compensation plan incentivizes participants, including the *rights* the compensation plan offers to participants…[and] [a]n MLM operates as a pyramid where the "focus [is] in promoting the program rather than selling the products."
>
> ****
>
> Courts will look at the structure of the organization, both on paper and in practice, to see whether recruitment, rather than selling products, is the focus of the business opportunity. Under *Koscot*, rewards need not be completely unrelated to retail sales. Also, while purchases by participants do not per se result in a pyramid, "evidence that distributors purchase and consume product for the purpose of qualifying for recruitment incentives is evidence of a pyramid scheme." Where recruiting is necessary to earn significant rewards and the system is set up to motivate participants to earn rewards, it is clear that rewards are for recruiting.

*Id*. at 1-2 (citations omitted).

---

[2] *Id*. at n.1 (citing James A. Kohm, Staff Advisory Opinion—Pyramid Scheme Analysis," Federal Trade Commission, January 14, 2004); *Fed. Trade Comm'n v. Neora LLC*, No. 3:20-cv-01979-MI, 2023 WL 8446166 (N.D. Tex., Sept. 28, 2023).
[3] See https://www.ftc.gov/news-events/news/speeches/overview-advisory-opinion-process-federal-trade-commission.

DATED: March 25, 2024.

Respectfully submitted,

By: /s/ J. David Rowe

J. David Rowe (*pro hac vice*)
drowe@munkwilson.com
Robert E. Linkin (*pro hac vice*)
rlinkin@munkwilson.com
Ursula M. Smith (*pro hac vice*)
usmith@muckwilson.com
**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Pkwy
Building. II, Suite 300
Austin, Texas 78746
(737) 201-1600 (telephone)

Jeffrey J. Angelovich (*pro hac vice*)
jangelovich@nixlaw.com
Michael B. Angelovich (*pro hac vice*)
mangelovich@nixlaw.com
Cody L. Hill *(pro hac vice)*
codyhill@nixlaw.com
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building 1, Suite 500
Austin, Texas 78746
(512) 328-5333 (telephone)

Jason A. McNeill (9711)
Christopher M. Von Maack (10468)
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464
mcneil@mvmlegal.com
vonmaack@mvmlegal.com

***ATTORNEYS FOR PLAINTIFF***

4

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing document has been served on March 25, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

By: _____<br>
J. David Rowe